## THE H. S. PICKANDS.

*(District Court, E. D. Michigan. March 17, 1890.)*

ADMIRALTY—JURISDICTION—MARITIME TORTS—PERSONAL INJURIES.

Libelant, who was engaged in repairing a vessel which lay at a wharf, attempted to descend a ladder connecting the wharf with the bulwark of the vessel. The ladder had been protected against slipping by a cleat at the bottom, but had been removed from the protection of the cleat by the negligent act of the master. In descending the ladder, it slipped, and libelant was thrown upon the wharf and injured. *Held,* that a court of admiralty has no jurisdiction.

*(Syllabus by the Court.*

In Admiralty.

This was a libel *in rem* for personal injuries received under the following circumstances. In January, 1889, the steam-barge H. S. Pickands was lying in winter quarters at her wharf in Detroit, hemmed in by the ice. She was at the time undergoing repairs, and libelant was engaged in doing some work connected with her boiler. Access to the steamer was gained by a ladder, about 12 feet in length, leading from the wharf to the bulwarks of the vessel, which had been secured at the bottom by a cleat which prevented its slipping. A few minutes before the accident,

libelant himself had made use of it to board the vessel with a plank; and while there the master of the vessel, unknown to the libelant, had moved the ladder from the cleat, and left it unprotected. In attempting to go on shore to procure other material to use in his work, libelant mounted the ladder, which slipped at the bottom, owing to the icy condition of the wharf, throwing libelant down upon the wharf, fracturing two of his ribs, and otherwise injuring him severely. This libel was filed to recover for his pain and suffering, his medical attendance, and his loss of time.

*H. C. Wisner,* for libelant.

*Allen H. Frazer* and *Henry A. Mandell,* for claimant.

BROWN, J. I am clear in my opinion that a court of admiralty has no jurisdiction of this case. It has never been doubted since the case of *The Plymouth,* 3 Wall. 20, that, to enable us to take cognizance of a maritime tort, the injury must have been consummated, and the damage received, upon the water. The mere fact that the wrongful act was done upon a ship is insufficient. Subsequent adjudications have in no wise tended to limit or qualify this rule. *Ex parte Phenix Ins. Co.,* 118 U. S. 610, 7 Sup. Ct. Rep. 25; *The Neil Cochran,* Brown, Adm. 162; *The Ottawa,* Id. 356; *The C. Accame,* 20 Fed. Rep. 643; *The Maud Webster,* 8 Ben. 547.

In this case, not only was the damage received upon the land, but the slipping of the ladder which occasioned the injury occurred there, although the removal of the ladder which produced the slipping was done by the master while on board the vessel. It is true that in the case of *The Daylesford,* 30 Fed. Rep. 635, the libelant was allowed to recover in a case similar to this; but the question of jurisdiction appears to have escaped the attention of counsel, and is not noticed in the opinion of the court. The same remark may be made with regard to *The Caroline,* 30 Fed. Rep. 199. But in the case of *The Mary Stewart,* 10 Fed. Rep. 137, it was held that an injury done to a man standing on the wharf by a bale of cotton which was being hoisted aboard a ship loading at the wharf, and which fell before it reached the ship's rail, and struck him, was not cognizable in the admiralty, although the rope which broke was furnished by the ship, one end of which was fastened to an engine which stood upon the wharf and furnished the hoisting power, and the other end of which passed through a pulley attached to one of the masts of the ship, and was fastened to the cotton which was being hoisted on board. This case is readily distinguishable from that of *Leathers* v. *Blessing,* 105 U. S. 626; in which the libelant was injured while on board the vessel by a bale of cotton falling upon him, and the jurisdiction was sustained upon the ground that the injury was received on board the vessel itself.

A decree will be entered dismissing the libel, but without costs, as the defense might have been made by way of exception to the libel.

NOTE. On appeal to the circuit court this case was affirmed by Mr. Justice BREWER.