OREGON CITY TRANSP. CO. v. COLUMBIA ST. BRIDGE CO.

(District Court, D. Oregon. December 10, 1892.)

(No. 2,093.)

1. CONSTITUTIONAL LAW—NAVIGABLE WATERS—POWERS OF STATES.

In the absence of legislation by congress a state may authorize the erection of a bridge of any character across a navigable water within its borders, subject to the power of congress to abate or regulate the same. Bridge Co. v. Hatch, 8 Sup. Ct. Rep. 811, 125 U. S. 1, followed.

2. ADMIRALTY JURISDICTION — NAVIGABLE RIVERS — UNAUTHORIZED OBSTRUCTION—COLLISION.

The owner of a vessel injured by a collision with an unauthorized obstruction in a navigable water may maintain a suit in personam in admiralty to recover damages from the person who placed or maintains such obstruction therein; and a bridge built under the sanction of an act of the legislature, in so far as it fails to comply with the same, is such an unauthorized obstruction, but in such suit it must be alleged and proved that such obstruction was the cause of the collision.

3. NAVIGABLE WATERS — UNAUTHORIZED OBSTRUCTIONS — CRIMINAL PROSECUTION—JURISDICTION.

The act of congress of September 19, 1890, (26 St. 453,) only gives this court jurisdiction of a criminal action against the owner of a bridge to recover a fine of $5,000 at the suit of the district attorney, when the secretary of war shall find that such bridge as constructed or maintained is an unreasonable obstruction to free navigation of the water which it crosses, and when said owner shall fail or neglect to obey the order of the secretary thereabout.

(Syllabus by the Court.)

In Admiralty. Libel in personam for collision of a steamboat with a bridge. On exceptions to the libel. Sustained.

Zera Snow, for libelant.
H. H. Northup, for respondent.

DEADY, District Judge. The Oregon City Transportation Company, a corporation formed under the laws of Oregon, brings this suit against the Columbia Street Bridge Company, a corporation formed under the same laws, to recover damages for an injury sus-

tained by its steamboat Altona while passing through the draw of said company's bridge across the Wallamet river.

The libel alleges that the bridge in question was built across the Wallamet from the foot of Madison street, in Portland, to the east side of the river, professedly in pursuance of an act of the legislature of Oregon, but so negligently and improperly constructed "as to injuriously impede and obstruct the navigation" thereof; and that on the morning of July 17th, while said steamboat was passing through the draw of said bridge, a collision occurred between them, whereby the boat was greatly injured and damaged.

The respondent excepts to those portions of the amended libel which charge that the bridge was so negligently constructed and maintained as to greatly impede the navigation of the river, and endangering vessels plying thereon, and with less width of draw than provided for by the act under which it is claimed to have been constructed, without alleging that the collision with said boat was caused thereby.

In the absence of congressional legislation on the subject, the state may authorize the erection of such a bridge across any navigable water therein, as it may see proper, subject to the power of congress to abate or regulate the same. Bridge Co. v. Hatch, 125 U. S. 1, 8 Sup. Ct. Rep. 811.

By section 4 of the act of September 19, 1890, (26 St. 453,) it is made the duty of the secretary of war, whenever he has good reason to believe that any bridge then or thereafter constructed "over any navigable water of the United States is an unreasonable obstruction to the free navigation of said water," to give notice to the owner of said bridge to alter the same so as to render the navigation through or under it free, easy, and unobstructed; and in giving such notice he shall specify the changes required to be made, and shall prescribe in each case a reasonable time in which to make them. If, at the end of such time, the alteration has not been made, the secretary shall forthwith give notice to the district attorney for the district in which such bridge is situated, to the end that criminal proceedings may be taken against the party in default.

Section 5 of the same act provides that, if the owner or controller of said bridge shall willfully fail or refuse to comply with the lawful order of the secretary, he shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be fined not exceeding $5,000; and every month thereafter that such person shall remain in default in respect to the removal or alteration of said bridge shall be deemed a new offense, and subject to the same penalty.

The portions of this libel covered by the exceptions, if not the whole of it, are framed upon the theory that this court has jurisdiction of an action against the owner of a bridge by a private person, because it has not been constructed or maintained according to the act of the legislature permitting the same, even where such private person has no special grievance to complain of.

But the jurisdiction of this court is limited to the case provided for in the act of congress, and that is of a criminal action to recover a fine provided the secretary of war has found the bridge to be an

unreasonable obstruction to the free navigation of the river which it crosses; and in such case it has such jurisdiction whether the bridge is constructed or maintained according to the act of the legislature or not.

The action of the national government, acting through the secretary of war, is the final test of the sufficiency or insufficiency of a bridge across a navigable water of the United States, and not the act of the legislature permitting its construction.

But a suit in personam in admiralty will lie by the owner of a vessel injured by a collision with an unauthorized obstruction placed in a navigable water. Atlee v. Packet Co., 21 Wall. 389.

A bridge permitted by an act of the legislature, but not constructed in accordance with it, is so far an unauthorized structure. The owner of a vessel injured by such a structure may maintain a suit against the owner of the bridge for damages, but he must allege and prove that the collision was caused by the defective construction or maintenance of the bridge in some specified particular.

In this case the libel does allege that the draw is less in width than that authorized by the legislature, but it fails to allege that such lack of width was the cause of the collision.

The exceptions are sustained, including the first two, which are for mere redundance.