### PRICE v. THE BELLE OF THE COAST.

(District Court, E. D. Louisiana. December 21, 1894.)

No. 13,167.

ADMIRALTY—JURISDICTION.

Admiralty has no jurisdiction of a tort where the injury was received on the land, though the wrongful act was done on a ship.

Libel by John Price against the Belle of the Coast. Opinion on an exception to the jurisdiction.

W. W. Handlin, for libelant.

Farrar, Jonas & Kruttschnitt, for claimant.

PARLANGE, District Judge. This is an action in rem by which damages in the sum of $2,500 are claimed. The injury complained of is stated in the libel as follows:

"Libelant * * * was ordered by the mate to get under one corner of a chain bar, and assist in carrying a large and heavy barrel of coal oil on shore; and, as libelant stepped off the end of the stage, he fell into a deep hole, unseen by him, and the end of said barrel struck him on his right shoulder, right arm and hand, and right thigh, wedging him in so that he could not get out without assistance after said barrel was pulled out. Libelant's shoulder and hand were wounded, and his thigh and spine were jammed and crushed," etc.

In the case of The Plymouth, 3 Wall. 33, the supreme court of the United States said:

"The origin of the wrong was on the water, but the substance and consummation of the injury on land. It is admitted by all the authorities that the jurisdiction of the admiralty over marine torts depends on locality,—the high seas or other navigable waters within admiralty cognizance. * * * The cause of the damage, in technical language, whatever else attended it, must have been there complete." Again: "The simple fact that it originated there [on navigable waters], but the whole damage done upon land, the cause of action not being complete on navigable waters, affords no ground for the exercise of the admiralty jurisdiction. The negligence of itself furnishes no cause of action."

See, also, the case of The H. S. Pickands, 42 Fed. 239, in which the court said:

"It has never been doubted since the case of The Plymouth, 3 Wall. 20, that, to enable us to take cognizance of a maritime tort, the injury must have been consummated, and the damage received, upon the water. The mere fact that the wrongful act was done upon a ship is insufficient. Subsequent

adjudications have in no wise tended to limit or qualify this rule. [Cases cited.]"

Viewed in the light of the above authorities, I am clear that there is no jurisdiction of the instant case in the admiralty. The exception must be sustained.