## THE STRABO.

(District Court, E. D. New York. November 7, 1898.)

ADMIRALTY—JURISDICTION—PERSONAL INJURY.

Where the libelant, a workman on a vessel lying at a dock, attempted to leave the ship by means of a ladder, by reason of the master's negligence not secured properly to the ship's rail, whereupon the ladder fell, and the libelant was thrown to the dock, and injured, it is inferable that the master's breach of duty took effect upon the libelant while he was upon the ship; and, although his physical injury was completed by his fall upon the dock, a court of admiralty has jurisdiction.

This is a libel by John J. King against the steamship Strabo for personal injuries. Heard on exceptions raising the question of jurisdiction in admiralty.

William C. Beecher, for libelant.

Owen & Sturges, for claimant.

THOMAS, District Judge. The exceptions to the libel concede the following facts for the purpose of raising the question of the jurisdiction of this court: The libelant, employed in loading a ship lying at a dock, attempted to leave the ship by means of a ladder, by reason of the master's negligence not secured to the ship's rail, whereupon the ladder fell, and the libelant was thrown to the ground, and injured. From this statement is inferred (1) that the injured person was on the ship; (2) that the negligent omission, viz. to fasten the ladder to the ship, was suffered on the ship; (3) that the causal influence was brought to bear and took effect upon the libelant while he was on the ship; (4) that a physical injury was caused to the libelant by his fall, which was increased by his striking the dock.

Several classes of cases exist which have relevancy to the subject under consideration. The first class is where the primal cause arises on the ship, and is communicated to property on the land. Such are cases of fire, originating on the ship, and carried or spreading to the shore. The Plymouth, 3 Wall. 20; In re Phœnix Ins. Co., 118 U. S. 610, 7 Sup. Ct. 25. In this class also fall the cases of missiles sent from the ship, and taking effect elsewhere. U. S. v. Davis, 2 Sumn. 482, Fed. Cas. No. 14,932; The Epsilon, 6 Ben. 378, Fed. Cas. No. 4,506. Also, cases are included where some part of the ship comes in contact with the land, to the injury of persons or property thereon (Johnson v. Elevator Co., 119 U. S. 388, 7 Sup. Ct. 254; The Maud Webster, 8 Ben. 547, Fed. Cas. No. 9,302); and herein should be gathered instances where the vessel does

damage to wharves (The C. Accame, 20 Fed. 642; Homer Ramsdell Transp. Co. v. Compagnie Generale Transatlantique, 63 Fed. 845, 848). Also, cases fall within this class where material discharged from a ship comes in contact with persons on land. Anderson v. The Mary Garrett, 63 Fed. 1009. See, also, Price v. The Belle of the Coast, 66 Fed. 62. In all cases arising under this first class, the injured person or thing is on land when the negligent act operates upon him or it, and a court of admiralty has no jurisdiction. Another class includes cases where the primal cause arises on land, and is injuriously communicated to the ship on the water. Herein are included structures wrongfully maintained, and interrupting navigation. Atlee v. Packet Co., 21 Wall. 389; The Maud Webster, 8 Ben. 547, Fed. Cas. No. 9,302; Greenwood v. Town of Westport, 60 Fed. 560; Oregon City Transp. Co. v. Columbia St. Bridge Co., 53 Fed. 549; City of Boston v. Crowley, 38 Fed. 202, 204; The Arkansas, 17 Fed. 383. And herein fall cases where material discharged from land into the ship does injury to persons on the ship. Hermann v. Mill Co., 69 Fed. 646. In this class of cases, the ship, and hence a person or thing thereon, is on the water, and it has been considered that the court had jurisdiction. The H. S. Pickands, 42 Fed. 239, is different. There, a person descending from the ship by means of a ladder was thrown upon the wharf by reason of the previous negligent act of the master in removing the end of the ladder from the cleat that held it in place on the wharf, and it was adjudged that this court was without jurisdiction. In that instance the causative negligent omission was on land, but operated upon the libelant while he was on the ship, provided the ladder be deemed an incident or attachment of the ship. It differs from the cases under the first class in this: that a negligent condition initiated on shore was set in operation by the libelant attempting to leave the ship by the ladder.

It may be considered whether these decisions have been made pursuant to some rule of general application. All cases for ultimate authority refer to The Plymouth, 3 Wall. 20. There it was said:

"The wrong and injury complained of must have been committed wholly upon the high seas or navigable waters, or, at least, the substance and consummation of the same must have taken place upon these waters to be within the admiralty jurisdiction. In other words, the cause of damages, in technical language, whatever else attended it, must have been there complete."

Again, "the whole, or at least the substantial cause of action, arising out of the wrong, must be complete within the locality upon which the jurisdiction depends,—on the high seas or navigable waters."

What construction has been placed upon these expressions in subsequent opinions? In The Mary Stewart, 10 Fed. 137, where the entire transaction was in fact on a wharf, it is said:

"There are two essential ingredients to a cause of action, viz. a wrong, and damage resulting from the wrong. Both must concur. To constitute a maritime cause of action, therefore, not only the wrong must originate on water, but the damage—the other necessary ingredient—must also happen on water."

This holding was criticised in City of Milwaukee v. The Curtis, 37 Fed. 705, where it is stated that:

"It suffices if the damage—the substantial cause of action arising out of the wrong—is complete upon navigable waters."

Also, in Hermann v. Mill Co., 69 Fed. 646, the rule stated in The Mary Stewart is regarded as too broad, and the learned judge interprets the law as follows:

"I think that the only true and rational solution of the jurisdictional question, where the tort occurs partly on land and partly on water, is to ascertain the place of the consummation and substance of the injury. This latter element of the wrong is necessarily the only substantial cause of action; otherwise, it would be damnum absque injuria."

In The H. S. Pickands, supra, it was considered that, to confer jurisdiction on this court, the injury must have been consummated and the damage received upon the water, although the wrongful act may have been done on the ship.

In The Maud Webster, supra, the court said:

"In a case of tort, there can be no jurisdiction in the admiralty unless the substantial cause of action, arising out of the wrong, was complete upon navigable waters."

In Johnson v. Elevator Co., supra, it is held that this court has not jurisdiction of a tort when the substance and consummation of the wrong has taken place on land, and not on navigable water, "the cause of action not having been complete on such water."

It will be observed that more precise knowledge is derived from the nature of the cases than from the general language used. The cases usually involve a state of facts showing that the negligent act or omission arose in one locality, and was communicated to the libelant or to his property in another locality, and that the damage or actual physical injury always occurred in the locality where the wrongful act or omission took effect. But in The H. S. Pickands, supra, it appears that the negligent omission was on the dock, was communicated to the libelant on the ship, or at least on the ladder leading to the ship, and the chief physical injury resulted from his falling on the dock. While the cases wherein the jurisdiction has been contested usually show either the cause on the water, and the operation of the cause and all injury on land, or the cause on the land, and the operation of the cause and all injury on water, the language of the opinions is often broader. In The Plymouth, The Maud Webster, and Johnson v. Elevator Co., the statement is that the substantial cause of action must be complete on navigable waters, or similar phraseology is used. In City of Milwaukee v. The Curtis, Hermann v. Mill Co., and The H. S. Pickands, the locality of the completion of the damage or injury is emphasized as the test of the locality where the tort was committed. It does not seem that it was the intention in the latter cases to lay down the rule that the physical injury must be completed on the water to give courts of admiralty jurisdiction, irrespective of the locality where the breach of duty first operated upon the person injured. Such a rule would imply that the first direct effect of a breach of duty upon the injured person on the ship could not create a cause

of action if the injury were completed on land. Such a position should be tested.

If a ship carpenter were employed to mend a yard on a vessel lying at a dock, and, by the master's negligence, he were caused to fall, and he should fall upon the vessel or in the water, would this court have jurisdiction; but, if he should strike on the dock, would this court be without jurisdiction? If a passenger, standing at the gangway, for the purpose of alighting, were disturbed by some negligent act of the master, would the jurisdiction of this court depend upon the fact whether he fell on the deck, and remained there, or whether he was precipitated upon the dock in the first instance, or finally landed there after first falling on some part of the ship? If a seaman, by the master's neglect, should fall overboard, would this court entertain jurisdiction if the seaman fell in the water, and decline jurisdiction if he fell on the dock or other land? The inception of a cause of action is not usually defined by such a rule. It may be admitted that the act or omission which puts in force the primary hurtful agency does not constitute the cause of action; for, until such force takes effect injuriously upon the person or property of some one, there is a mere naked breach of duty, and the case is damnum absque injuria; but, where the breach of duty puts in motion agencies that come in actual injurious collision with the person or property of another to whom the duty was due, the cause of action at once arises, and the locality of the tort is fixed, however much the physical injury may be aggravated by subsequent occurrences, which may be regarded as continuations of the original wrongful act, and its immediate operation, and in a sense as incidents thereof.

The more consistent rule seems to be that a court of admiralty has jurisdiction when the negligent act or omission, wherever done or suffered, takes effect, and produces injury to the person or property of another, on navigable waters. In that case it would be unimportant where the breach of duty occurred, or where the physical injury was completed. Under such a rule the holdings against jurisdiction would be defensible in cases where articles hurled or discharged from a ship take effect and injure a person on shore, or where fire is communicated from the ship to the shore, or the ship itself comes in contact with persons or things on shore, or things unlawfully in the water interrupting navigation. And so as to holdings in favor of jurisdiction, where articles are cast or discharged from the land into the ship, thereby injuring it or persons or property thereon, or where the ship comes in contact, to its injury, with defective docks, or other things illegally interrupting navigation, or structure in or over the water in an unlawful condition. Such a rule would justify the decision in the cases cited, save, perhaps, that of The H. S. Pickands.

Let it be supposed that a man is on the deck of a vessel, and a cause arising on the shore—for instance, the moving boom of a derrick—strikes him, casting him to the land, where he receives added injury; would the admiralty be without jurisdiction? Suppose he is rigging a derrick on land, and, by a negligent act, is

90 F.—8

cast on a ship lying at the dock or in the water, and receives additional injury; would this court have jurisdiction? It seems that both inquiries should be answered in the negative. So, in The H. S. Pickands Case, if it could be said that the injured man was on the ship, by being on the ship's ladder, and received any actionable injury thereon, this court would have jurisdiction, although the greater injury was received from contact with the dock. But the facts in that case are not sufficiently detailed to admit of accurate inquiry. It is said above that, in addition to the breach of duty, there must be an injurious effect from it upon the person or property of a person on the water, to give this court jurisdiction. What is injurious effect? If the libel showed that only injury entitling to nominal damages were received, it may be conceded that this court would not entertain jurisdiction; but it cannot be assumed that, when a person is thrown from a ladder, there would be nothing more of injury while falling than would be compensated by nominal damages.

In the present case it has been assumed that the libelant, while stepping on the ladder, was still on the ship; and, if that inference be correct, then he received the effect of the wrongful act on the ship. The libel alleges neglect in fastening the ladder to the ship, and therefore it may be inferred that the breach of duty arose on an appliance of the ship. The libelant was thrown from the ladder, and it cannot be assumed that, through nervous shock or otherwise, he received no injury until he struck the dock. But even so, the whole wrongful agency was put in motion and took effect on the ship, and thereby the libelant was hurled from his position on the ship, and, before he reached the dock, was subjected to conditions inevitably resulting in physical injury, wherever he finally struck. Therefore, may it not be concluded that a cause of action arose before the physical injury had been completed? This question does not require present decision, and is reserved, as it may be inferred that the libelant received some personal injury before striking the dock, although, upon striking, his injury was enhanced. It is intended to be decided at this time that if the libelant received any physical injury before striking the dock, although the sum of his injuries was not complete until he did reach the dock, this court has jurisdiction. In reaching this conclusion the court has been limited by the meager statement of facts in the libel. Upon the hearing of the merits, the facts may receive such modification or change as to demand, by the force of previous authority, a different holding. The exceptions should be overruled.