### THE ALBION.

(District Court, D. Washington, N. D. June 6, 1903.)

#### No. 2,442.

**1. ADMIRALTY JURISDICTION—TORTS—PERSONAL INJURY ON WHARF.**

An action to recover damages for a personal injury received by libelant by falling from a dock when attempting to go on board a vessel after dark, charged to have been due to the negligence of those in charge of the vessel in removing the gang plank, is not maritime, and therefore not within the jurisdiction of a court of admiralty, where the right of recovery is based on the tort.

**2. SEAMEN—ACTION FOR PERSONAL INJURY—SUFFICIENCY OF LIBEL.**

A general allegation in a libel against a vessel to recover for a personal injury that libelant when injured was going on board pursuant to a contract of employment to serve on the vessel is insufficient to show a contract relation affording a basis for recovery, where the libel does not allege the terms of the contract nor that shipping articles had been signed.

In Admiralty. Suit in rem to recover damages for a personal injury. Heard upon exceptions to the libel. Exceptions sustained.

E. E. Cushman, for libelant.
James Kiefer, for claimant.

HANFORD, District Judge. According to the libel in this case, the libelant in attempting to go on board the steamer Albion after dark, on account of the removal of a gang plank which he expected to find connecting the steamer with the slip at the end or side of the dock to which she was moored, walked overboard, and sustained severe personal injuries, disabling him permanently, for which he has brought this suit in rem against the steamboat to recover compensation. From the allegations of the libel it is to be inferred that the claim for damages is based upon a charge of negligence upon the part of the officers and crew of the steamer in having removed the gang plank. It is alleged, however, that the libelant was going on board the steamer pursuant to a contract of employment by which he was to serve as cook, but it is not alleged that shipping articles were signed, nor that his engagement was for any particular voyage or term of service.

¶ 1. See Admiralty, vol. 1, Cent. Dig. § 225.

A legal liability for damages in a case of this character must be based either upon a tort or upon the contract relationship of the libelant to the steamer. If the case is founded upon the alleged tort, no suit in admiralty can be maintained, because the jurisdiction of admiralty extends only to torts committed afloat upon navigable water. Wharfs and structures connected with the solid earth are not maritime vessels, and injuries suffered thereon do not constitute maritime torts cognizable in a court of admiralty, even though the cause of the injury may have originated on board of a vessel moored alongside or in near proximity. Hughes on Admiralty, pp. 178–182; The H. S. Pickands (D. C.) 42 Fed. 239.

The libelant cannot recover upon any contract obligation, for the reason that the libel does not sufficiently set forth the making of a valid contract with definite terms and conditions to form the basis for estimating damages.

Exceptions to the libel sustained.