Michael Egan, Appellant, *v.* Morse Dry Dock and Repair
Company, Respondent.

First Department, October 30, 1925.

Admiralty — maritime tort — workmen's compensation — action to
recover for injuries suffered while plaintiff, employed in repairing vessel
at dock, was climbing ladder from dock to ship — ladder slipped and
plaintiff fell to dock — maritime tort not shown — court does not have
jurisdiction — remedy under Workmen's Compensation Law.

A maritime tort giving the plaintiff a common-law right of action in the courts
of this State in preference to his remedy under the Workmen's Compensation
Law is not shown in this action by evidence to the effect that the plaintiff
was employed in repairing a vessel lying at dock in the navigable waters of the
State; that the accident occurred while the plaintiff was climbing on a ladder,
not a part of the ship's equipment, from the dock to the ship; and that the
injury was caused by the plaintiff falling to the dock when the ladder slipped.
Plaintiff's remedy is under the Workmen's Compensation Law.

Appeal by the plaintiff, Michael Egan, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of New York on the 8th day of March,
1923, upon the dismissal of the complaint on the pleadings and
opening of counsel for plaintiff.

*Frederick J. Flynn,* for the appellant.

*Charles J. McDermott,* for the respondent.

McAvoy, J.:

The question which arises in this cause is one of jurisdiction
of the action, the plaintiff asserting that by reason of the circum-
stances which surrounded the happening of the accident, the basis
of suit, it was a maritime tort, and that, therefore, plaintiff was
not entitled to the benefits of an employee under the New York
State Workmen's Compensation Law but was entitled to bring
a common-law action under the Constitution of the United States,
article 3, section 2, and under section 9 of the Judiciary Act of
1789,* whereby cognizance of all civil causes of admiralty and
maritime jurisdiction are vested in the District Courts of the
United States, saving, nevertheless, to suitors in all cases the right

* See 1 U. S. Stat. at Large, 76, 77, § 9, as now contained in sections 24 and 256
of the United States Judicial Code. (36 id. 1091, § 24, subd. 3; Id. 1160, 1161,
§ 256, subd. 3.) The amendments of 1917 and 1922 have been held unconstitu-
tional. (See 40 U. S. Stat. at Large, 395, chap. 97; 42 id. 634, 635, chap. 216;
*Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Washington* v. *Dawson & Co.,*
264 id. 219.) — [Rep.

of a common-law remedy where the common law is competent to give it. (See, also, U. S. Const. art. 1, § 8, subd. 18.) Defendant asserts that admiralty has no jurisdiction of this cause, and that, therefore, no right of action is saved to the suitor in any common-law court of the State. If this latter contention be correct, plaintiff's only right for compensation for injuries would be obtainable under the Workmen's Compensation Law.

The complaint was dismissed upon the plaintiff's opening at the trial. In the opening it was stated that on June 5, 1920, plaintiff started to ascend from a pier to the deck of a vessel by means of a ladder, and that the ladder slid along the rail of the ship and fell, and that plaintiff was thrown to the pier. Plaintiff was ascending this ladder to return to his place of work on the ship. The foot of the ladder was resting upon the dock alongside of which the vessel was tied. In plaintiff's fall he struck the dock. Plaintiff had not reached the deck of the vessel itself at the time of the injury.

The contention of plaintiff that this was a maritime employment is based upon the fact that the vessel was being repaired while lying in the navigable waters of New York harbor alongside one of the piers that formed part of defendant's place of business. The crew were aboard the ship and the repairs being made were the removal of steel plates and the placing of new ones in the bulkhead below decks in the forward part of the ship, and plaintiff was among the workmen engaged in this work before he left the ship to carry out an errand assigned to him by his foreman. Upon the plaintiff's return to the vessel after he had performed the duty imposed upon him, he mounted the ladder and had ascended to within a few rungs of the rail and the deck of the ship, when the ladder, which was unsecured, slid along the rail and the plaintiff and the ladder fell to the dock where plaintiff was injured by breaking the bones of his feet and ankles. He gave notice pursuant to the Employers' Liability Act (Labor Law of 1909, art. 14, as amd. by Laws of 1910, chap. 352; now Employers' Liability Law, § 2 *et seq.*) and sued upon the theory that defendant was negligent in failing to provide a reasonably safe place for plaintiff to do the work assigned to him and in failing to secure the ladder.

If the happening described constitutes a maritime tort under the law, plaintiff was entitled to pursue his common-law remedy; but if there was no maritime tort, the Workmen's Compensation Law applies and this action does not lie. In order to satisfy the requirements of admiralty jurisdiction this injury must have been a maritime wrong. It is firmly held in the courts that the locality of the accident governs the jurisdiction thereof in admiralty.

The fact that the vessel itself was the subject-matter of plaintiff's employment is not sufficient to determine admiralty cognizance, if at the time of the injury the employee was not engaged in an employment having a direct relation to navigation. A vessel in a dry dock afloat upon any navigable waters is considered as located within maritime jurisdiction as well as one moored to a wharf or lodged beside a pier. There is no doubt that at the time of the injury the vessel was in navigable waters but it is equally undoubted that at the time of the injury the plaintiff was wholly upon the land and had not yet boarded the vessel and his injury was caused by falling upon the land, for the dock or pier was merely an extension of the land to which it was attached. In the case of *The Strabo* (98 Fed. 998), which is relied upon by the appellant, plaintiff, the court says (at p. 999): " The important question in the case is that of the jurisdiction of a court of admiralty over a tort caused by the negligence of the master upon navigable water, in regard to the security of the ladder upon the ship, the accident commencing upon the ship, and the known injurious consequences having been suffered by the fall upon the land." There is thus a distinction between the manner of the happening of the accident to this plaintiff and that happening in *The Strabo* case, because the cause of the injury in this case commenced not upon the ship, but upon the land. The plaintiff was not thrown from the ladder on or while leaving the ship, but fell to the ground while climbing to the ship from the dock. The cause of action, therefore, arose on the land and not on the vessel.

In the case of *The Atna* (297 Fed. 673) the court said (at p. 675): " The present is truly a border-line case, and, in so far as applicable to its controlling features, it is difficult to harmonize upon principle all the foregoing cases. This will be seen by comparing the decisions in *The Strabo*, 98 Fed. 998 * * * and *The H. S. Pickands* (D. C.) 42 Fed. 239. * * * When a person is injured in passing over a ladder connecting a vessel with the shore, the admiralty has jurisdiction if he is injured, that is, wronged, before he is entirely free from the ship and has safely reached the shore. If he is passing from the shore to the ship, the admiralty has not jurisdiction until he has reached the ship and is entirely separated from the shore."

Indeed it would not make any difference whether the tort had its inception upon water, if the consequential effect of the wrong, the consummation of the tort, happened on the land. (*The Mary Garrett*, 63 Fed. 1009.) And in *The Plymouth* (3 Wall. 20) the rule is announced (at p. 34): " But it has been strongly argued that this is a mixed case, the tort having been committed partly

on water and partly on land; and that, as the origin of the wrong was on the water, in other words, as the wrong began on the water (where the admiralty possesses jurisdiction), it should draw after it all the consequences resulting from the act.   *   *   *.

" The simple fact that it originated there [on navigable waters], but, the whole damage done upon land, the cause of action not being complete on navigable waters, affords no ground for the exercise of the admiralty jurisdiction.  The negligence, of itself, furnished no cause of action; it is *damnum absque injuriâ.*   *   *   *.

" The whole, or at least the substantial cause of action, arising out of the wrong, must be complete within the locality upon which the jurisdiction depends — on the high seas or navigable waters."

The admiralty courts do not appear under these cases to entertain jurisdiction even in what are called " mixed " cases, that is, where the tort arises on water and is consummated upon the land. Admiralty does not claim jurisdiction over torts, except such as are purely maritime torts, that is, those which are committed on the high seas, or on navigable waters.  It is even said in *Atlantic Transport Co.* v. *Imbrovek* (234 U. S. 52, 59) that the vessel itself is unimportant in determining the jurisdiction of the admiralty, that is, a vessel is not its sole dependence.  The fact that the injury was inflicted by the vessel would not give the tort a maritime aspect except the locality aided, that is, that the site of injury was the high seas or navigable waters.

In the light of *Gonsalves* v. *Morse Dry Dock & Repair Co.* (266 U. S. 171), decided November 17, 1924, in the United States Supreme Court, where it was held that admiralty will not have jurisdiction if the injuries sustained by the employee were not the result of a tort committed and effected on navigable waters, the rule seems firmly established that a maritime tort cannot be predicated upon an injury arising upon the land and totally consummated upon land, or the extension of the land, to wit, a dock or pier, even though the injury occurs while attempting to board a vessel by means of appurtenances which are not a part of the vessel and which boarding is not completed at the time of the injury, and which injury is effected by contact with the land.

The judgment should be affirmed, with costs.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Judgment affirmed, with costs.