## BUZYNSKI v. LUCKENBACH S. S. CO. et al.

(District Court, S. D. Texas, at Galveston. March, 1926.)

No. 1266.

Shipping ⟨≈⟩84(3)—Ship has duty equal with duty of stevedore to furnish safe winch, and neither can escape consequences of act of causative fault resulting in injury.

Ship has duty correlative and equal with duty of stevedore to furnish a safe winch, and neither can escape consequences of act of causative fault resulting in injury.

In Admiralty. Libel by K. Buzynski against the Luckenbach Steamship Company, the Texas Contracting Company, and William Parr & Co. Decree for libelant against the Luckenbach Steamship Company and the Texas Contracting Company, and of dismissal as to William Parr & Co.

W. E. Price, of Galveston, Tex., for libelant.

Lockhart, Hughes, Lockhart & Rayzor, of Galveston, Tex., for Luckenbach S. S. Co. and Texas Contracting Co.

Mart Royston, of Galveston, Tex., for Wm. Parr & Co.

HUTCHESON, District Judge. In this case the following facts appear without dispute: That libelant was at a place and engaged in a work to which he had been assigned, and was wholly without fault; that while so placed and so engaged the chain block was caused to ascend in such manner as though there was apparently small noise or excitement about its ascent, and the chain came out of the hook and fell upon Buzynski, injuring him apparently quite seriously.

The contention of the respondent is that this occurred, not only without fault on the part of Buzynski, but because of the causative negligence and fault of both defendants. While there is no direct evidence that the chain block traveled upward because of the winch having been set in motion, the evidence admits of no other conclusion, and it must be affirmatively found that the winch got into motion and as a result of that motion the accident occurred. Libelant lays much stress on the defective equipment of the hook in regard to the character of mousing used. While not making a definite finding on that point, I am inclined to think that the mousing was not the proximate cause of the injury, but that that cause lies further back. I think, however, that the mousing was insufficient, and that there should have been a different character of mousing used.

To separate causation into proximate and remote cause is a task for the logician and the scientist, but the common lawyer has gone a long way in trying to outdo both in some cases. I think it sufficient for me to say that whether this could be held to be the proximate cause of the injury, if no other fault appeared, is for the purpose of this case immaterial, as the real fault and the real proximate cause of the injury is to be found in the involuntary starting of the winch under the circumstances which the evidence discloses.

At this point the respondent calls for a Scotch verdict of "not proven," and contents himself with the assertion that, however lamentable the injury, the fact that the evidence does not specifically and directly present the cause exonerates both defendants. I do not think the matter is thus easily disposed of. Such a cavalier disposition of the matter might be well enough, if the evidence were different; but that groping and surmising for the many causes which the respondent imagines might have occurred is not necessary in this case, in view of the direct evidence from which the inference irresistibly flows. That direct evidence is that the winch was not equipped with a device which would prevent its involuntary starting, and it will not do to say that either the ship or the stevedore had a right to assume that those operating the winch would use the cut-off rather than the device which should have been supplied at the starting lever. It would be just as reasonable to say that every householder should proceed to his meter box and cut the gas out of his house, instead of relying on the wall plugs, and therefore charge him with the consequences of injury, if some of the gas cocks in his house were defective.

The evidence, I think, makes it plain that the steam had been on for some time before the injury, and the character of the journey of the traveling block—that is, its apparently quiet movement—is explained only on the theory that only a small part of the steam had come through the winch valves; that the matter did not occur, as suggested, from a sudden turning on of the steam, and the opening of a valve, but that it occurred from a leak in the valve, which released enough pressure to cause the accident, but not enough to wreck the device.

Since the duty of the ship to furnish a safe winch is correlative and equal with the duty on the stevedore to do the same thing, I think it clear that neither defendant may escape the consequences of the act of causative fault in this case, the defective lever. I

therefore find for libelant against both defendants.

The evidence makes it plain that William Parr & Co. had no relation to the matter, except that of an agency for the ship, whose duties were not remotely connected with the injury or its cause, and, while the decree should be for libelant against Luckenbach Steamship Company and Texas Contracting Company, the libel should be dismissed as to William Parr & Co.