### THE MONTEZUMA.

.(District Court, W. D. New York. October 29, 1926.)

**1. Admiralty ⊙⟺4.**

In admiralty, wharf or dock to which vessel is fastened is regarded as land, and not water.

**2. Seamen ⊙⟺29(5).**

Jurisdiction invoked in seamen's libel for injuries while fastening cable on dock is ex delicto, and must be determined from locality of injury.

**3. Seamen ⊙⟺29(5).**

Court *held* without jurisdiction in admiralty of libel by seaman for injury sustained after going on dock for purpose of fastening vessel.

In Admiralty. Libel by James McAllister against the schooner Montezuma; the Davidson Steamship Company, claimant. On exceptions by claimant. Exceptions sustained, and libel dismissed.

Dorsey W. Kellogg, of Buffalo, N. Y., for libelant.

Brown, Ely & Richards, of Buffalo, N. Y., for respondent and claimant.

HAZEL, District Judge. The libelant, a seaman employed as a deckhand upon the schooner Montezuma, was ordered by his superior officer at Ft. William, Canada, to go on the dock to put a wire cable over a spile to hold the vessel to the dock preparatory to loading her. After placing the loops of the cable over the spile, and while standing about eight feet therefrom toward the land side of the wharf, he received injuries, owing to the negligence of the officer in charge and the deckhand operating the winch aboard the vessel in slacking the cable, which caused the same to loosen and fly up, striking him in the legs.

[1-3] The exceptions filed are that the court is without jurisdiction in admiralty to afford relief. The question submitted is important, and there are no adjudications wherein the facts are precisely the same. The question must be tested by the general rule pertaining to the admiralty and maritime jurisdiction. It must be conceded that a wharf or dock to which a vessel is fastened is, in admiralty, regarded as land, and not water—an improvement of the shore for commercial purposes. It must also be conceded that the jurisdiction invoked is ex delicto, and must be determined from the locality of the injury.

Numerous analogous decisions pertaining to injuries to longshoremen and to seamen, received on the wharf through negligence of the vessel, have considered the question of jurisdiction, and invariably the place where the injury was inflicted has controlled the determination. The trend of all the decisions is that, where the injury was received upon land, then cognizance of the tort cannot be taken in admiralty; but, if it was received on the ship in navigable waters, jurisdiction in rem for damages is beyond question. This was substantially the ruling in The Plymouth, 3 Wall. 20, 18 L. Ed. 125, by the Supreme Court, where it was said that, even though the cause of the damage was located on water, if the injury was sustained wholly upon the land, the remedy is not one for determination on the admiralty side of the court. In that case, it is true, the negligence was owing to a fire which originated on the vessel, while she was anchored at the dock, and the flames communicated to valuable buildings upon the wharf, but the principle enunciated is not inapposite.

Some question has arisen at times as to whether this doctrine should be literally construed; but it, nevertheless, has been quite generally accepted that, unless a personal injury is consummated on navigable waters, the injury does not constitute a marine tort. The nearest approach to the case at bar in this circuit seems to me to be the decision in the case of The Strabo (D. C.) 90 F. 110. There libelant was at work in loading a ship lying at the dock, and, in leaving the ship by means of a ladder which was negligently secured to the ship's rail, the ladder suddenly fell and injured the workman. It was, however, held that, since the wrongful act became effective while libelant was aboard the ship, notwithstanding the fact that his physical injury was completed by his fall upon the dock, the admiralty jurisdiction was properly invoked.

In this case, however, the breach of duty caused the injury to libelant wholly on land, which is the distinguishing point. Upon reading the thorough opinion written by Judge Thomas in the Strabo Case, it is clear that the decision was entirely based upon the inference that libelant received the effect of the negligence while yet aboard the ship, but that, if the effect of the wrongful act had been completed on the dock, juris-

diction would not have been maintainable. Such is also the impression derived from reading the affirming decision in 98 F. 998, 39 C. C. A. 375.

In The Mary Garrett (D. C.) 63 F. 1009, which was an action in rem brought by a seaman for injuries sustained on the wharf, owing to the negligence of the mate in unloading a portion of the cargo, the court held that admiralty was without jurisdiction, regardless of the fact that the negligence originated on the ship or that the person injured was a seaman thereon. Indeed, all of the adjudications to which my attention is directed, emphasize that the jurisdiction in admiralty over marine torts is dependent upon locality—"the high seas or other navigable waters within admiralty cognizance." In The H. S. Pickands (D. C.) 42 F. 239, the libelant was engaged in repairing the vessel at the wharf, and in coming down a ladder from the vessel the ladder slipped, owing to the negligence of the master in removing the cleat at the bottom, and libelant was thrown upon the wharf and injured, and Judge Brown, who afterwards was a justice of the Supreme Court, held that admiralty had no jurisdiction, because the injury had not been consummated upon the water.

In Netherlands American Steam Nav. Co. v. Gallagher, 282 F. 171, a decision by the Circuit Court of Appeals for this circuit, the late Judge Rogers writing the opinion, it was ruled that wharves are a part of the land, even though they project over the water, and that injuries on them are not maritime torts. The injury in that case was sustained by a stevedore engaged on the wharf, in unloading the cargo, owing to fault in the operation of the winch on the vessel, and the court said:

"In actions which are ex delicto, the question whether the tort is maritime or nonmaritime does not depend upon whether or not the person who brings the action was, when he was injured, working under a maritime contract. It depends solely upon the locality of the person injured at the time the wrong was committed. If the wrong takes place on land it is not maritime, and if it takes place on navigable water it is maritime."

See, also, Hughes v. Alaska S. S. Co. (D. C.) 287 F. 427, and Todahl v. Sudden & Christianson (C. C. A.) 5 F.(2d) 462.

These adjudications, and others that are unnecessary to cite, declare it to be settled law that, regardless of the origination of the cause of the injury on the water, where it was fully consummated on land, no cause of action exists in admiralty, and that, if there is no injury resulting from the wrongful act aboard the vessel, it is a case of damnum absque injuria, since the test of jurisdiction is always whether the injury was upon navigable waters or upon the land.

The adjudications cited by proctor for libelant have no direct application. In The Anglo-Patagonian, 235 F. 92, 148 C. C. A. 586, cited by him, the injuries were sustained while the vessel was in dry dock for repairs, and the court ruled that the dry dock was a part of the navigable waters. In Great Lakes Co. v. Kierejewski, 261 U. S. 479, 43 S. Ct. 418, 67 L. Ed. 756, a case originating in this court, admiralty jurisdiction was retained because the negligent act and its fatal consequences occurred on navigable waters, while decedent was engaged in a maritime service. In Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, the injury was inflicted on the ship in navigable waters, while decedent was performing a maritime service. In such case damage sustained was held clearly within the admiralty jurisdiction. In the case of Buzynski v. Luckenbach (D. C.) 12 F.(2d) 92, the inference is that the mishap happened on the ship, owing to a defective winch.

For the foregoing reasons, the exception is sustained, and the libel in rem dismissed.