## THE AURORA.

(District Court, D. Oregon. July 13, 1908.)

### No. 4,891.

1. ADMIRALTY—ACTION FOR DEATH—LIBEL IN REM.

In the absence of an act of Congress or a state statute giving a right of action therefor and a lien on a vessel, a libel in rem cannot be maintained in admiralty to recover for the death of a human being on the high seas, or on waters navigable from the seas, resulting from negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, § 218.]

2. SAME—STATUTES.

B. & C. Comp. Laws, § 381, declares that, when the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law against the latter, if the former might have maintained an action, had he lived, against the latter for the injury done by the same act or omission. Section 5706, subd. 4, declares that every boat or vessel used in navigating the waters of the state shall be subject to a lien for all demands for damages for injuries done to persons or property by such boat or vessel; section 5707 provides for the priority of liens; and section 5708 declares that

any person, instead of proceeding against the master, owner, or agent, may sue the boat or vessel by name. *Held* that, where a longshoreman employed by a vessel was killed while assisting in loading her by an alleged defect in the gang plank, his administratrix was entitled to maitain a libel in rem in the admiralty courts of the United States to recover damages for his death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, § 219.]

Giltner &. Sewall, for libelant.

Ralph W. Wilbur and William C. Bristol, for respondent and claimant.

WOLVERTON, District Judge. The libelant is the administratrix of the estate of William Boyce, deceased, and seeks by this libel against the Aurora to recover damages for the death of her husband, which, it is alleged, was caused by the negligent acts of the libelee in not providing a safe and suitable gangway of plank as a means of ingress and egress to and from the vessel. The deceased was a longshoreman in the employ of the vessel and assisting in loading her. Exceptions are interposed to the libel, challenging the jurisdiction of the court of admiralty to entertain the cause in rem and the right of the libelant to maintain the libel in that form.

It is contended that admiralty is without jurisdiction in rem, because (1) the subject-matter of the libel is not maritime by nature; (2) that no maritime lien can be predicated thereon; (3) that without a lien a court of admiralty will not entertain cognizance in rem; and (4) that libelant cannot maintain the libel, for the reason that the cause in rem does not survive the death of the person injured.

It has been adjudged by the Supreme Court, in The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358, that:

"In the absence of an act of Congress or a statute of a state giving a right of action therefor, a suit in admiralty cannot be maintained in the courts of the United States to recover damages for the death of a human being on the high seas, or on waters navigable from the sea, which is caused by negligence."

The reasoning of the court is that, since "no action at law can be maintained for such a wrong in the absence of a statute giving the right, and it has not been shown that the maritime law, as accepted and received by maritime nations generally, has established a different rule for the government of the courts of admiralty from those which govern courts of law in matters of this kind," such an action will not lie in the courts of the United States under the general maritime law. The doctrine of this case is reaffirmed in The Corsair, 145 U. S. 335, 12 Sup. Ct. 949, 36 L. Ed. 727, which was also a suit in rem, where it was held that:

"A District Court sitting in admiralty cannot entertain a libel in rem for damages incurred by loss of life, where by the local law a right of action survives to the administrator or relatives of the deceased, but no lien is expressly created by the act."

That case involved a Louisiana statute, which provides in substance that the right of action for every act of negligence which causes dam-

ages to another shall survive in case of death in favor of the minor children or widow of the deceased, etc.; and the court says that:

"Evidently nothing more is here contemplated than an ordinary action according to the course of the law as it is administered in Louisiana," there being "no intimation of a lien or privilege upon the offending thing."

And so it was held that the suit in rem would not lie. The adjudications seem to be in accord that, where there is a municipal or local statute authorizing the survivor to sue in the right of the deceased, the action being founded upon negligence causing death, libel in personam will lie in admiralty, and this whether the title to the chose in action survives, or a new right to sue is given for damages resulting in a tort. In re Long Island, etc., Transportation Co. (D. C.) 5 Fed. 599, 608. The jurisdiction is upheld by the English courts, and has the tacit approval of the Supreme Court. The Corsair, 145 U. S. 347, 12 Sup. Ct. 949, 36 L. Ed. 727. See, also, In re Humboldt Lumber Manuf'rs' Ass'n (D. C.) 60 Fed. 428, and The Transfer No. 4 and The Car Float No. 16, 61 Fed. 364, 9 C. C. A. 521.

From a reading of the case of The Corsair, there can remain no doubt that if there was a local law competent to impose a lien, and one was in fact and legal effect imposed, then the suit in rem would be proper, and that admiralty jurisdiction would attach. There is room for doubt as to whether, measured by the strict rules of logic in the application of marine law and practice as formerly understood, any municipal law is adequate to impress a lien for a tort arising from negligence resulting in death. The Manhasset (D. C.) 18 Fed. 918; Welsh v. The North Cambria (D. C.) 40 Fed. 655. Numerous adjudications, however, have determined the question otherwise. The adjudications are not uniform, it is true; but a strong current tends unmistakably in that direction. The Supreme Court has not as yet given direct expression of its views upon the precise point. Still there is room for strong inference that it will so hold when the opportunity is ripe. In The Corsair Case, which was in rem, the court says:

"As we are to look, then, to the local law in this instance for the right to take cognizance of this class of cases, we are bound to inquire whether the local law gives a lien upon the offending thing."

And in The Albert Dumois, 177 U. S. 240, 257, 20 Sup. Ct. 595, 602, 44 L. Ed. 751, the court uses this language:

"The case under consideration [The Chattahoochee] is distinguishable from this only in the fact that the intervening libels are for loss of life, for which no lien is given upon the vessel in the absence of a local law to that effect"

—thus leaving a positive impression that what was needed for the libelants to prevail in those cases was a local law giving the lien.

The following cases, determined in the District Courts and federal courts of appeal, have given effect to local statutes impressing a lien in such and like causes: Holmes v. O. & C. Railway Co. (D. C.) 5 Fed. 75; In re Long Island, etc., Transportation Co., supra; The Clatsop Chief (D. C.) 8 Fed. 163; The Oregon (D. C.) 45 Fed. 62 (this case was reversed by the Supreme Court—158 U. S. 186, 15 Sup. Ct.

804, 39 L. Ed. 943—but not on the point here involved); The City of Norwalk (D. C.) 55 Fed. 98 (affirmed on appeal, so far as the point in question is concerned, 61 Fed. 364, 9 C. C. A. 521); The St. Nicholas (D. C.) 49 Fed. 671; Felty v. Steamship Co. (D. C.) 29 Fed. 332 (affirmed on appeal Id., 32 Fed. 112); The H. E. Willard (C. C.) 52 Fed. 387; The Willamette, 70 Fed. 874, 18 C. C. A. 366, 31 L. R. A. 715.

Especially have the local statutes been given full force in admiralty in this jurisdiction. In The Oregon, supra, Judge Deady brings the revival statute and the statute giving a lien upon boats and vessels for damages or injuries to persons or property by such boats or vessels (see sections 381 and 5706–5708, B. & C. Comp.) in juxtaposition, and upholds a libel in rem in favor of the personal representatives based upon a tort resulting in death. The principle having been so clearly and uniformly applied and enforced in this jurisdiction, I am constrained, without reserve, to give it effect in this controversy. It does not seem to me that the fact that this is not a case of collision can alter the result. The deceased was injured by a fall upon the deck of the vessel. Hence the injury was sustained upon water, not upon land. The cause is therefore within maritime jurisdiction.

The exceptions should be overruled, and it is so ordered.