## THE BRAND.

### PIPER v. KNUDSEN.

District Court, D. Oregon.   October 8, 1928.

No. 10272.

Lord & Moulton, of Portland, Or., for libelant.

Erskine Wood, Gunther F. Krause, and Wood, Montague & Matthiessen, all of Portland, Or., for claimant.

McNARY, District Judge. At the time of his injury the libelant was a longshoreman employed by the Portland Stevedoring Company in loading the motorship Brand, which was moored at a dock in the city of Portland, Or.

The libel avers that the officers of the Brand furnished a gangplank as a means of access to and egress from the ship; that said officers negligently and carelessly failed to attach cleats to the bottom of the plank, or to lash the plank in place; that, while libelant was crossing it with a load of cargo intended for the ship, the plank slipped, throwing libelant against the rail of the vessel; and that, in an attempt to catch himself and to avoid falling between the ship and the dock, the libelant was injured.

The claimant has filed exceptions to the libel, upon the ground that the tort complained of is not within the jurisdiction of a court of admiralty.

In considering the exceptions, the amended libel should be strictly construed. It is not alleged that the libelant was thrown from the gangplank, or that he was falling through the air at the time of his injury. Consequently we must assume that he was on the plank when the injury occurred.

In the admiralty, the jurisdictional test in cases of tort is the locus of the person or thing when injured. The question in this case to determine is whether the libelant was on the land or on the water at the time of the injury.

The "gangplank" is a connecting link between the dock and the ship. It should be considered as an extension to the land in passage from the dock to the ship, and in passage from the ship to the dock as an extension to the ship. The status of the libelant as a dock workman had not changed at the time of his injury. This conclusion is supported by The Atna (D. C.) 297 F. 673, wherein the court held: "When a person is injured in passing over a ladder connecting a vessel with the shore, the admiralty has jurisdiction if he is injured, that is, wronged, before he is entirely free from the ship and has safely reached the shore. If he is passing from the shore to the ship, the admiralty has not jurisdiction until he has reached the ship, and is entirely separated from the shore." To the same effect is Johnson v. United States Shipping Board Emergency Fleet Corporation (C. C. A.) 24 F.(2d) 963.

The leading case relied upon by counsel for the libelant is The Aurora (D. C.) 163 F. 633; Id. (D. C.) 178 F. 587; Aurora Shipping Co. v. Boyce (C. C. A.) 191 F. 960. In that case the libelant, as administratrix, brought the libel against the Aurora to recover damages for the death of her husband. It was alleged that the deceased was a longshoreman in the employ of the vessel, and that, while passing from the dock to the vessel over a defective gangplank, he fell to the deck below and was killed.

The question presented here was not involved in The Aurora, as in that case the deceased fell from the gangplank and was injured wholly upon the water. In the case at bar, the negligent act and omission took effect, and the cause of action arose, while libelant was outside of the territory of admiralty jurisdiction.

The exceptions to the libel will be allowed.