## THE PHŒNIX.
### No. 227.

District Court, S. D. Texas, Houston Division.

Feb. 11, 1933.

Harris & Watkins, of Galveston, Tex., and Sanders & Mandell, of Houston, Tex., for libelant.

Royston & Rayzor, of Houston, Tex., for respondent.

KENNERLY, District Judge.

This is a libel in rem by libelant against the steamship Phœnix, in which libelant claims that on or about October 31, 1931, he was a seaman on such ship, and was injured by the breaking of a rope ladder (Jacob's ladder), permitting him to fall, while descending thereon, over the side of the ship. That such injury was caused by the unseaworthiness of the ship, and the failure to keep same seaworthy, in the following particulars set forth in the libel:

"(1) That the ladder leading from the side of the ship to the dock was in an unseaworthy condition, and defective, and that the rope forming said ladder was worn out and not sufficiently strong to hold the ordinary weight of a human body.

"(2) That the ladder was unseaworthy in that it was not properly fastened to the side of the ship, forming a dangerous condition to any one leaving said ship, and particularly to Libelant herein."

Libelant seeks to recover wages, maintenance, and cure, and compensatory damages for such alleged injury. In the alternative, libelant alleges that if at the time he used such ladder, and at the time of the alleged injury, he was not a seaman in the employ of the ship, he was an invitee entering and leaving the ship for the purpose of seeking employment, and was injured by the negligence of the owners, officers, crew, etc., of the ship.

### Findings of Fact.

There are sharp conflicts in the testimony of the witnesses. Therefrom, the following is found to be the facts:

Libelant was about October 31, 1931, in Houston unemployed. He had been, for a time, employed as a seaman on the Phœnix about 1928, and learning that the Phœnix was to arrive in the port of Houston, and desiring to seek employment thereon, he was on the date stated (October 31, 1931) on the dock at the Manchester Terminals at Houston, on the Houston Ship Channel, navigable waters, awaiting her arrival. The ship was docked in such ship channel, with her starboard side against the dock. Following a custom or practice of persons seeking employment, he went aboard the ship. He did so by climbing a rope ladder (Jacob's ladder) hanging over her side. He found and interviewed the chief mate about employment, and was at once employed as seaman, and assigned to the 4 to 8 p. m. watch. He was given permission to come ashore for his clothes, and started to come ashore in the same manner he had gone aboard, i. e., by means of the Jacob's ladder. The ladder was unseaworthy, in that it was old and worn-out and not sufficiently strong to hold the weight of an ordinary human body. It broke under libelant's weight, causing him to fall. In falling, he struck the side of the dock, injuring his right hand and arm, and then struck the water, and was helped from the water by some of the ship's crew and bystanders on the dock. Such unseaworthiness of the ship was the proximate cause of libelant's injury, and its condition was known to the ship's officers, or, if not known, could have been known and discovered by the use of reasonable and ordinary diligence. The injury to his hand and arm caused him pain and suffering, caused him to expend sums of money for treatment, and caused him loss of time. Such injury is permanent, and causes a disability of approximately 50 per cent. At the time libelant went aboard the ship, and started ashore from the ship, by means of the Jacob's ladder, there were no other available means of so doing, and it was customary for seamen to use the

Jacob's ladder under such circumstances. Respondent has never paid libelant wages, nor furnished him cure and maintenance. The sum of $2,000 would reasonably cover compensatory damages, wages, maintenance, and cure.

### Conclusions of Law.

(1) I conclude, from the foregoing facts found, that this court (admiralty) has jurisdiction in this suit of libelant's cause of action for compensatory damages, wages, maintenance, and cure, and that he should recover the sum of $2,000.

(2) I am not impressed with the contention that the case is not within admiralty jurisdiction because libelant was injured by striking against the dock in falling.

(3) I conclude that libelant should not recover on the alternative cause of action asserted.