## THE ADMIRAL PEOPLES.*

No. 696.   Submitted April 12, 1935.—Decided June 3, 1935.

---

\* The docket title of this case is: *Kenward* v. *The Admiral Peoples et al.*

*Messrs. Andrew G. Haley* and *John P. Hannon* submitted for petitioner.

*Messrs. W. Lair Thompson* and *Wallace McCamant* submitted for respondents.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioner was a passenger on the steamship "Admiral Peoples" on her voyage from Wilmington, California, to Portland, Oregon. While disembarking at Portland petitioner was injured by falling from a gangplank leading from the vessel to the dock. This libel *in rem* against the vessel alleged that respondent placed the gangplank so that it sloped from the ship toward the dock at an angle of from ten to fifteen degrees; that it was approximately two feet in width and eighteen feet in length and was equipped with the usual rope railings which terminated approximately three feet from each end; that the level of the plank at the shore end was about six inches above the level of the dock, thereby creating a step from the plank to the dock; that upon instructions from one of respondent's officers, libelant proceeded along the plank and as she reached its lower end, being unaware of the step and having no warning, she fell from the plank and was " violently and forcibly thrown forward upon the

dock in such manner as to cause the injuries hereinafter set forth." Libelant alleged negligence in failing to provide a handrope or railing extending along either side of the gangplank to the shore end, in failing to have the plank flush with the dock or taper off to the level of the dock, and in failing to give warning of the step.

Respondent's exception to the libel, upon the ground that the case was not within the admiralty jurisdiction, was sustained by the District Court, and its judgment dismissing the libel was affirmed by the Circuit Court of Appeals. In view of an asserted conflict with other decisions of the federal courts,[1] we granted a writ of certiorari.

This is one of the border cases involving the close distinctions which from time to time are necessary in applying the principles governing the admiralty jurisdiction. That jurisdiction in cases of tort depends upon the locality of the injury. It does not extend to injuries caused by a vessel to persons or property on the land. Where the cause of action arises upon the land, the state law is applicable. *The Plymouth*, 3 Wall. 20, 33; *Johnson* v. *Chicago & Pacific Elevator Co.*, 119 U. S. 388, 397; *Cleveland Terminal & V. R. Co.* v. *Cleveland Steamship Co.*, 208 U. S. 316, 319; *Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52, 59; *State Industrial Comm'n* v. *Nordenholt Corp.*, 259 U. S. 263, 272; *Smith & Son* v. *Taylor*, 276 U. S. 179, 181; compare *Vancouver S. S. Co.* v. *Rice*, 288 U. S. 445, 448.

The basic fact in the instant case is that the gangplank was a part of the vessel. It was a part of the vessel's equipment which was placed in position to enable its passengers to reach the shore. It was no less a part of the vessel because in its extension to the dock it pro-

---

[1] Compare *The Strabo*, 90 Fed. 110, 98 Fed. 998; *The H. S. Pickands*, 42 Fed. 239; *The Aurora*, 163 Fed. 633, 178 Fed. 587; *Aurora Shipping Co.* v. *Boyce*, 191 Fed. 960; *The Atna*, 297 Fed. 673; *The Brand*, 29 F. (2d) 792.

jected over the land. Thus, while the libelant was on the gangplank she had not yet left the vessel. This was still true as she proceeded to the shore end of the plank. If while on that part of the vessel she had been hit by a swinging crane and had been precipitated upon the dock, the admiralty would have had jurisdiction of her claim. See *Minnie* v. *Port Huron Terminal Co.*, decided this day, *ante*, p. 647. If instead of being struck in this way, the negligent handling of the vessel, as by a sudden movement, had caused her to fall from the gangplank, the cause of action would still have arisen on the vessel. We perceive no basis for a sound distinction because her fall was due to negligence in the construction or placing of the gangplank. By reason of that neglect, as the libel alleges, she fell from the plank and was violently thrown forward upon the dock. Neither the short distance that she fell nor the fact that she fell on the dock and not in the water, alters the nature of the cause of action which arose from the breach of duty owing to her while she was still on the ship and using its facility for disembarking.

This view is supported by the weight of authority in the federal courts. In *The Strabo*, 90 Fed. 110, 98 Fed. 998, libelant, who was working on a vessel lying at a dock, attempted to leave the vessel by means of a ladder which, by reason of the master's negligence, was not secured properly to the ship's rail and in consequence the ladder fell and the libelant was thrown to the dock and injured. The District Court, sustaining the admiralty jurisdiction, asked these pertinent questions (90 Fed. p. 113): " If a passenger, standing at the gangway, for the purpose of alighting, were disturbed by some negligent act of the master, would the jurisdiction of this court depend upon the fact whether he fell on the dock, and remained there, or whether he was precipitated upon the dock in the first instance, or finally landed there after first falling on some part of the ship? If a seaman, by the master's neglect,

should fall overboard, would this court entertain jurisdiction if the seaman fell in the water, and decline jurisdiction if he fell on the dock or other land? The inception of a cause of action is not usually defined by such a rule." The Circuit Court of Appeals of the Second Circuit, affirming the decision of the District Court (98 Fed. p. 1000), thought it would be a too literal and an inadmissible interpretation of the language used in *The Plymouth, supra,* to say that "if a passenger on board a steamship should, through the negligence of the owners, stumble on the ship upon a defective gangplank, and be precipitated upon the wharf, the injury would not be a maritime tort." "The language employed in the *Plymouth* decision," said the court, "and which was applicable to the circumstances of that case, does not justify such a conclusion." And, deciding the case before it, the Circuit Court of Appeals said: "The cause of action originated and the injury had commenced on the ship, the consummation somewhere being inevitable. It is not of vital importance to the admiralty jurisdiction whether the injury culminated on the stringpiece of the wharf or in the water." See, also, *The Atna,* 297 Fed. 673, 675, 676; *The Brand,* 29 F. (2d) 792.

In *L'Hote* v. *Crowell,* 54 F. (2d) 212, a longshoreman, who had been working on a wharf in putting bales in a sling which was raised by the ship's tackle and then lowered into its hold, was riding on the last load when the sling struck against the rail or side of the ship, with the result that he fell to the wharf and was injured. The Circuit Court of Appeals of the Fifth Circuit said that he had "finished his work on the wharf and from the time he was lifted from it by the sling by means of the ship's tackle was under the control of an instrumentality of the ship"; and, in that view, the jurisdiction of admiralty was sustained. The ruling in that case was not disturbed by our decision on certiorari (as the Circuit Court of Ap-

654

peals in the instant case mistakenly supposed), as our writ was expressly limited to the question raised by the review of the deputy commissioner's finding as to the dependency of a claimant for compensation under the Longshoremen's and Harbor Workers' Compensation Act. 285 U. S. 533. We decided simply that the finding of the deputy commissioner, upon evidence, against the dependency of the claimant, was final, and accordingly we directed the affirmance of his order. 286 U. S. 528. See *Voehl* v. *Indemnity Insurance Co.*, 288 U. S. 162, 166.

We think that the libel presented a case within the jurisdiction of admiralty. The decree of the Circuit Court of Appeals is reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*