42

THE SHANGHO.*

FAN SHEN HANG et al. v. PRESTLIEN.
No. 8312.

Circuit Court of Appeals, Ninth Circuit.
Feb. 15, 1937.

Lane Summers, of Seattle, Wash., for appellants.

Robert E. Bronson and Wright, Jones & Bronson, all of Seattle, Wash., and Charles A. Turner, of Everett, Wash., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

The appellee was working as a member of the longshoremen's crew loading the Chinese steamship Shangho and in the course of his employment he started up the

gangplank leading from the dock to the upper deck of the vessel. The lashing which had secured the upper end of the gangplank had been removed for the purpose of permitting the ship to be moved a short distance along the dock. Because of the removal of these lashings, the gangplank fell to the dock and the appellee was injured. He filed a libel in admiralty to recover for the injuries thus sustained. The court held that the ship was liable for the injury and awarded a decree accordingly. The claimant and master appealed from the order.

The first contention is that the admiralty court had no jurisdiction because of the fact that the injuries received by the appellee were received by him in the fall to the dock and that he was going to and had not yet reached the ship's side at the time the gangplank fell.

It is settled by a recent decision of the Supreme Court (The Admiral Peoples, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633) that the gangplank is part of the ship when it is being used for the purpose of furnishing ingress and egress to and from the ship. In view of this recent decision of the Supreme Court, it is unnecessary to discuss the many earlier cases conflicting with this rule in relation to injuries resulting from use of the gangplank of a vessel. The court had jurisdiction.

The appellants claim that the evidence does not justify the finding of the trial court that there was negligence. The appellants apparently concede that if no warning was given to the appellee that the lashings securing the gangplank had been removed, the ship would be guilty of negligence. The evidence in regard to the warning is conflicting. By stipulation testimony that such a warning was given was presented by affidavits in lieu of depositions. This included the testimony of the master and several other witnesses on board the ship. The appellee and a number of his witnesses who were present at the time of the accident appeared before the trial judge and gave testimony in open court to the effect that no warning was given or heard. Under these circumstances, the finding of the trial court importing veracity to the testimony of the witnesses who appeared in court must be accepted by us in the absence of manifest error. Unfortunately for the appellants, all the evidence by way of affidavits was evidence in favor of the appellants, while that believed

*Writ of certiorari denied 57 S.Ct. 938, 81 L.Ed. —. •

and acted upon was that given in open court. It is clear that if the witnesses for the appellants had also testified in court, we would accept the conclusion of the trial judge as to their credibility and a fortiori we must do so where the witnesses of the appellants did not appear.

Appellants claim that the decision of the trial judge discloses that his conclusion on the facts was the result of manifest error and consequently is entitled to little weight in that his opinion shows that he disregarded the entries in the ship's log. In the opinion of the trial judge it was stated that his conclusion that no warning was given by the ship "is likewise confirmed by the negative testimony of the log book of the ship in that no warning is recorded to have been given of the movement of the ship." The rough deck log of December 24, 1935, contained the following entry:

"7:45. While gangway was taken off in order to shift the vessel, longshoremen, neglecting order to wait, ran up on gangway and gangway slipped down and two men injured."

It seems unlikely that the trial judge overlooked this entry in the rough deck log. It is certainly true that the statement that the longshoremen disobeyed an order to wait is not the equivalent of a warning that the gangplank was unsafe. However that may be, in view of the overwhelming weight of testimony given by the witnesses to the effect that no such warning was given there is no reason for disturbing the finding of the trial judge.

Decree affirmed.