## O'BRIEN v. CALMAR S. S. CORPORATION.

### No. 20688.

District Court, E. D. Pennsylvania.

Nov. 29, 1938.

Freedman & Goldstein and Abraham E. Freedman, both of Philadelphia, Pa., for plaintiff.

Lewis, Wolff, Gourlay & Hemphill and John Hemphill, all of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

The first question to be determined is the classic one of "where are we at". Before the new Rules of Civil Procedure this would have been a case of the grant-

ing of a non-suit, the propriety of which could have been challenged by a motion to take it off. If the motion was allowed the case would, under the Pennsylvania system of practice, automatically result in a re-trial. If refused, it would have the effect of a final judgment for defendant. Under Rule 41(b), 28 U.S.C.A. following section 723c, however, the motion was not for a non-suit but for dismissal. The new Rule undoubtedly works a change in nomenclature. Whether it does more will be determined as questions may arise.

The practitioner is met with the question of what he shall do. Should he move to set aside the order of dismissal as he would have moved under the old practice to take off the non-suit or should he move for a new trial? The resourceful counsel for the plaintiff has met this problem by resort to the lawyer-like expedient of doing both. This gives us a sub-title to the case as now presented.

Aside from procedural questions, the case presents the familiar one of whether the question of the defendant's liability is one for the Court or the jury.

■ The fact situation is that the plaintiff in performing the duties of his employment, trod on an iron pipe, which turned under his tread and threw him. The dimensions of the pipe were a foot in length and an inch or so in diameter. The liability of the defendant is for negligence. Its obligation was to provide the plaintiff with a reasonably safe place in which to work. A metal pipe affords an undoubtedly insecure footing. It is likely to turn when trod upon. Is, however, an employer who sends his employee upon an errand, guilty of negligence if in the course of his travels the employee treads upon a pipe which rolls under his foot and throws him? The trial judge thought not and hence the non-suit or dismissal.

■ The very versatile counsel for plaintiff does not dispute this but asserts that the fact situation here differentiates this case from the instanced one. Here the plaintiff was one of members of the crew who were placing a gang plank which led from the vessel. Its inshore end was intended to rest upon the wharf on which the piece of pipe was lying. The plaintiff had hold of one end of the gang plank and hence could not see the pipe. The work was being directed by the boatswain or other ship's officer who was stationed on the rail of the ship above the level of the wharf upon which he could look down. It is in consequence contended that there was a question for the jury of whether the employer should not have seen the danger and warned the employee of the presence of the piece of pipe. There was no evidence that he did see it or even could have seen it. The evidence of the plaintiff was that it was under the gang plank which hid its presence from him. Would the possibility that the ship's officer might nevertheless have seen it support a finding that he had seen it? There is a practical situation presented. We suppose under Rule 51, 28 U.S.C.A. following section 723c, that a defendant may still present a point or as the new Rules call it a request, for binding instructions to find for the defendant. Perhaps further the trial judge might reserve the point, letting the case go to the jury, and if the verdict was for the plaintiff, enter judgment n. o. v. for defendant. This however was not done. The case is open to an appellate ruling. If the trial judge should have submitted the case to the jury a new trial must be had, but nothing is gained by awarding it now, as if there was a verdict for the plaintiff, precisely the same appellate question would remain in the case. The only difference would be that now the plaintiff must raise it; if there was a verdict for plaintiff, the defendant must raise it.

Motion denied, with leave to enter such order as under the new Rules is appropriate.