LUCKENBACH S. S. CO., Inc., v. NORTON,
Deputy Compensation Commissioner,
et al.

No. 99.

District Court, E. D. Pennsylvania.

Sept. 1, 1939.

On Motion to Dismiss Bill of Complaint,
July 16, 1940.

George F. Blewett, of Philadelphia, Pa.,
for plaintiff.

J. Cullen Ganey, U. S. Atty., and J.
Barton Rettew, Jr., Asst. U. S. Atty., both
of Philadelphia, Pa. for defendant.

KALODNER, District Judge.

This is a motion to dismiss a bill of
complaint in equity in a civil action.

The bill of complaint filed by the employer seeks to restrain, first by interlocutory injunction, and finally by permanent
injunction, the enforcing of an award of
compensation made by the defendant Norton, Deputy Commissioner of the Third

Compensation District of the United States Employees Compensation Commission, in favor of the defendant Toler, the employee. The award provided that the employer pay the employee forthwith the amount of $72. The ground upon which relief is sought is that the award of the Deputy Commissioner is not supported by competent evidence, in that there is no evidence in the record to support the finding that the claimant's disability resulted from an accident which happened during the course of his employment with the plaintiff employer.

■ I have studied the testimony carefully, and ordinarily, following the general rule that summary judgments of the kind sought by the motion to dismiss the bill should not be granted except in clear cases, would deny the motion (which technically is the only thing before me) upon the ground that the record does not present a clear enough case of lack of a cause of action on the plaintiff's part to warrant dismissing the bill. The testimony, however, is, as I shall demonstrate presently, in an unsatisfactory state, and if I deny the motion to dismiss the bill now, this court will again be confronted with the same record (i. e., the testimony) when it comes to pass finally upon the merits of the bill and answer. It would be well, therefore, to take proper steps to bring the record of the testimony into satisfactory shape now.

A reading of the notes of testimony in the proceedings before the Deputy Commissioner discloses that the employee's claim to disability rests (1) upon his allegation that his wrist was injured in the course of his employment, and also (2) upon what is contended is adequate testimony by Dr. Moore to the effect that the alleged injury was the etiological factor in the subsequent tenosynovitis in the wrist. It is not clear from Dr. Moore's testimony as to whether he would have attributed the claimant's condition to the alleged injury if the latter had been to the wrist and not to the forearm. From the testimony I cannot determine just what Dr. Moore considered actually caused the tenosynovitis. He states with some emphasis that his opinion that the tenosynovitis resulted from a trauma is predicated practically exclusively on a previous history of a blow *on the forearm.* It is proper to cite the doctor's testimony in order to demonstrate the lack of clarity in this situation:

"A. The testimony which you have recited to me differs from what I received, in that the man gave me a history that the blow was on the forearm and not on the wrist, which is not only some inches away from the place of which you have spoken, but has a great bearing on the diagnosis. Now, the blow on the forearm is much more likely to cause a tenosynovitis than a blow at the wrist. He complained of pain in his forearm, never of any pain in his wrist, and I am very glad that he did not, because our X-ray findings are (not?) such as to substantiate any claim of pain that he did make in his wrist. There was no complaint of pain in his wrist when I examined him on October 24, and according to his statement the pain had and I think had always been on the lower third of the forearm.

"I went into that quite fully with him, because we had an X-ray report showing evidence of an old arthritis in the wrist joint, and I was trying to eliminate that question of arthritis as the cause of pain. But the complaint of pain was definitely above the wrist joint over the forearm where he says that stung."

The word "n)t" appearing in brackets in the above quotation has been inserted by myself. I think the word was meant to be included, otherwise the entire sentence is devoid of meaning.

A scrutiny of the claimant's testimony describing the accident shows that he referred to a blow on the wrist a half dozen or more times. Several times, it is true, he did speak of a blow on his arm, but from the context it is quite conceivable that he was using the word generically, and that what he meant specifically was a blow on the wrist. Most of the time when the claimant used the word arm in his testimony he was referring to the situs of the pain and not to the situs of the blow. It seems quite clear from the claimant's testimony that he meant at all times to say that the blow was on the wrist.

That being so, I cannot construe Dr. Moore's evidence in its present state as amounting to testimony that the blow on the wrist, apparently the only injury testified to have occurred in the course of the employment with the plaintiff, caused tenosynovitis. On the other hand, Dr.

Moore states that the claimant gave him, Dr. Moore, a history that the blow was *on the forearm,* at a point some inches away from the wrist, and not on the wrist itself.

It is difficult, therefore, if not impossible, to dispose of this case properly on the present state of the record. Additional testimony should be adduced, both from the claimant (employee) and from Dr. Moore, to discover specifically whether the forearm or the wrist was struck, and in either event, whether Dr. Moore considers the tenosynovitis to have been caused (or aggravated, if an old condition) by the blow, wherever it landed.

■ For the reasons given, this cause is now, the 1st day of September, 1939, remanded for the taking of additional testimony as indicated, the cause thereafter to be returned to this court, together with the record of such additional testimony, at which time the present motion to dismiss the bill of complaint will receive further consideration.

When this motion first came before me, I remanded the cause for further testimony to clear up obscurities in the record. Accordingly, further evidence was taken before the deputy commissioner, and the record is now in proper shape for consideration of the motion.

Toler, an employee of Luckenbach Steamship Co., Inc., claimed that he was injured, and sought to recover compensation under the appropriate statutes. At the hearings he testified that he was struck on the wrist or arm by a rope, causing the disability complained of. Dr. Moore, impartial medical expert, testified that Toler was suffering from a tenosynovitis caused by a blow on the forearm above the wrist.

Toler's original testimony was not clear, and it was difficult to gather therefrom whether he was struck on the wrist or on the forearm. The question became material because Dr. Moore specifically ascribed the tenosynovitis to a trauma on the arm.

Nevertheless, the deputy commissioner made a finding and award in favor of the employee. Thereupon the employer, Luckenbach, adopted the usual procedure and filed a complaint in a civil action in this court, seeking to restrain the enforcement of the deputy commissioner's award. In this action the deputy commissioner and the employee were named as defendants. The defendants filed a motion to dismiss the bill; and it was at that time that I sent the case back for further testimony.

When the latter was taken, Toler, the employee, testified specifically that the blow which he suffered was on the forearm about three inches above the wrist, and Dr. Moore established the causal relation between the blow and the ensuing disability. In this shape the record comes before me again upon the motion to dismiss the complaint.

Apparently the deputy commissioner allows his former finding and award to stand (based upon both the old and new testimony). Luckenbach, the plaintiff here, still seeks the injunction and relief prayed for in the complaint, and the defendants still press their motion to dismiss.

■■ This court is not, of course, a fact-finding body in compensation cases under the present proceedings. It is true that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., has been construed, in Crowell v. Benson, 285 U.S. 22, 54, 52 S.Ct. 285, 76 L.Ed. 598, to empower the District Court upon petition to try certain fundamental and jurisdictional issues; but since no such application has been made in this case, the duty of the District Court is limited to determining whether the findings of the deputy commissioner are supported by the evidence. Georgia Casualty Co. v. Hoage, 61 App.D.C. 195, 59 F.2d 870; Lowe et al. v. Central Railroad Co. of New Jersey, 3 Cir., 113 F.2d 413, opinion filed June 29, 1940. See also, Southern Steamship Company v. Norton et al. 41 F.Supp. 103, 886, this District, opinion by Judge Kirkpatrick filed July 9, 1940.

■ As has already been sufficiently indicated there is ample evidence in the record to sustain the findings and award of the deputy commissioner. That there may have been countervailing evidence or circumstances is a matter for the commissioner to consider in coming to a decision, but does not concern the Court under these proceedings. Nor is my view of the matter altered by what may be contradictions in the testimony of the employee himself. Under familiar rules of evidence, contradictions in the testimony of a claimant or plaintiff do not invalidate all his testimony: the fact-finding tribunal, whether it be a jury or a commissioner,

108

may pick and choose, accept and reject, as its judgment dictates.

The gravamen of the plaintiff's complaint is that there is no evidence to sustain the findings and award. That contention has already been disposed of against the plaintiff.

It is to be noted that in the latter's brief it is stated that Dr. Moore was of the belief that Toler's tenosynovitis "most likely" resulted from a twisting suffered by him while working for another employer. The testimony upon the basis of which this statement is made (the original and not the new testimony) does not bear out the statement. All that Dr. Moore said was that a tenosynovitis, such as existed in this case, could be caused by a twisting as well as by a blow; but he insisted that Toler's injury was traumatic, that is, caused by the blow.

In the testimony given by Dr. Moore after the case was remanded, Dr. Moore stated positively that the tenosynovitis suffered by Toler was caused by the blow inflicted on him by the rope, while working for Luckenbach.

It has been held that the District Court, in reviewing the finding of a deputy commissioner, is "precluded from weighing the evidence, being required to examine the record and ascertain whether there was any evidence to support the commissioner's finding." South Chicago Coal & Dock Co. et al. v. Bassett, Deputy Commissioner, etc., 309 U.S. 251, 60 S.Ct. 544, 546, 84 L.Ed. 732.

In the same case it was held that a deputy commissioner's finding of fact, if there was evidence to support it, was "conclusive", and that it was the duty of the District Court to ascertain whether it was so supported, and if so, to give the finding effect without a retrial. See, also, Del Vecchio v. Bowers, 296 U.S. 280, 287, 56 S.Ct. 190, 80 L.Ed. 229; The Admiral Peoples, 295 U.S. 649, 653, 55 S.Ct. 885, 79 L.Ed. 1633; Voehl v. Indemnity Insurance Co. 288 U.S. 162, 166, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; L'Hote v. Crowell, 286 U.S. 528, 52 S.Ct. 499, 76 L.Ed. 1270.

The entire record is before me. Since that record upon examination is seen to afford ample support for the findings and award of the deputy commissioner, no useful purpose can be served by allowing further proceedings upon the complaint. The motion to dismiss is therefore granted.