### WILLIAMS v. GLENS FALLS INDEMNITY CO.

### No. 596.

District Court, S. D. Texas, Houston Division.

Sept. 26, 1941.

Burris & Benton and Evan W. Burris, all of Houston, Tex., for plaintiff.

Wood, Morrow, Gresham & McCorquodale and M. S. McCorquodale, all of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit by plaintiff against defendant, as an insurer, to recover compensation under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. Tex. art. 8306 et seq., and a motion by defendant under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss plaintiff's suit on the ground that plaintiff's complaint does not state a claim upon which relief can be granted, in that plaintiff's claim, if any he has, is maritime.

Plaintiff's pleadings set forth:

(a) That on March 15, 1940, while in the employ of the Butcher-Arthur Corporation, a subscriber under said Law, and during the course of such employment, he received an accidental injury compensable under said Law.

(b) That claim was duly filed and an award made thereon by the Industrial Accident Board, from which award plaintiff appealed by filing this suit in a State Court, from which State Court, because of diversity of citizenship and the amount in controversy being more than $3,000, the suit has been removed into this Court.

Other matters set forth in plaintiff's pleadings and material on this hearing of defendant's motion are found in Paragraphs II, III, IV, V, and VIII of plaintiff's complaint, and are as follows (italics mine):—

"That this suit is brought as an appeal from the award of the Industrial Accident Board, and that the injuries sustained by Plaintiff and made the basis of

a claim before the Industrial Accident Board *were sustained by Plaintiff in* La-Rosa, Louisiana.

"*That on or about the 15th day of March, 1940, the Plaintiff was an employee of Butcher-Arthur Corporation; that the Butcher-Arthur Corporation is a Texas corporation, duly incorporated and existing under and by virtue of the laws of the State of Texas and carried on a general business of towing on said date; that on the 15th day of March, 1940, Plaintiff was employed by Butcher-Arthur Corporation as a deck-hand, and on said date, while engaged in making a line fast to the bank from a barge, was injured, as hereinafter more fully set out, which work on the part of Plaintiff was in the usual course of business of said employer.*

"That on or about March 15, 1940, this Plaintiff while in the course of his employment with said employer, sustained accidental injuries *in the town of La-Rosa, Louisiana, which said injuries are hereinafter more fully set out.*

"That plaintiff was hired by Butcher-Arthur Corporation, his employer, in Houston, Harris County, Texas; *that Plaintiff was employed by his employer as a deck-hand on the tug boat ASTRAL to run from Texas City and Houston, Texas, to points in Louisiana;* that Plaintiff was a resident citizen of Houston, Harris County, Texas, at the time he was hired by his employer; that Plaintiff is a resident citizen of Houston, Harris County, Texas, at the time of filing of this suit; that the injuries sustained by Plaintiff occurred within less than one year from the date he left Texas; that Plaintiff has not elected to pursue any remedy he might have in the State of Louisiana, the State where such injuries occurred; that *Plaintiff was injured on the shore or bank and was not injured on the tug boat or a barge.*

"*That on or about the 15th day of March, 1940, while in the course of his employment, the Plaintiff, together with other employees, were shifting a barge in preparation to load the same, and while so engaged it became necessary to make a line fast to the shore, whereupon Plaintiff jumped from a barge to the bank in order to secure the line; that as Plaintiff landed on the bank, the weight of his entire body was caught by his right leg, which twisted as he fell, injuring his ankle* *and back;* that as a result of his fall, the Plaintiff suffered the following injuries:" etc.

1: The only question presented by defendant's motion is whether the accident in which plaintiff claims he was injured comes within the scope of the Texas Workmen's Compensation Law or is maritime. I think it is maritime.

I see no difference in principle between this case and the Admiral Peoples, 295 U.S. 649, 651, 55 S.Ct. 885, 79 L.Ed. 1633, where a passenger on a steamship was injured by falling to the dock from a gangplank leading from the steamship to the dock. Nor does there seem to be any difference in principle between this case and L'Hote v. Crowell, 5 Cir., 54 F.2d 212; Id., 286 U.S. 528, 52 S.Ct. 499, 76 L.Ed. 1270.[1] Nor between this case and the Phoenix, D.C., 3 F.Supp. 1017. Other cases that lend support to this view are Minnie v. Port Huron Terminal Co., 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631; T. Smith & Son v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520; the Shangho, 9 Cir., 88 F.2d 42, certiorari denied Fan Shan Hang v. Prestlien, 301 U.S. 705, 57 S.Ct. 938, 81 L.Ed. 1359, affirming, D.C., 13 F.Supp. 632; the Strabo, 2 Cir., 98 F. 998; the Hokkai Maru, 9 Cir., 260 F. 569; Merchants' & Miners' Transp. Co. v. Norton, D.C., 32 F.2d 513; Richards v. Monahan, D.C., 17 F.Supp. 252.

Plaintiff stands upon the Blackheath, 195 U.S. 361, 25 S.Ct. 46, 49 L.Ed. 236; Johnson v. Chicago & Pacific Elevator Co., 119 U.S. 388, 7 S.Ct. 254, 30 L.Ed. 447; Martin v. West, 222 U.S. 191, 32 S.Ct. 42, 56 L.Ed. 159, 36 L.R.A.,N.S., 592; Ex parte Phenix Ins. Co., 118 U.S. 610, 7 S.Ct. 25, 30 L.Ed. 274; The Plymouth, 3 Wall. 20, 70 U.S. 20, 18 L.Ed. 125; State Industrial Commission of New York v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013; Esteves v. Lykes Bros. S. S. Co., 5 Cir., 74 F.2d 364; O'Brien v. Calmar S. S. Corp., 3 Cir., 104 F.2d 148, affirming D.C., 25 F.Supp. 752, certiorari denied 308 U.S. 555, 60 S.Ct. 111, 84 L.Ed. 467; Trilla v. Pacific Steamship Co., 1930 A.M.C. 923.

In the main, these cases do not seem to be in point, but refer to injuries occurring on land. In Esteves v. Lykes Bros. S. S. Co., supra, much relied upon

---

[1] See what is said in the Admiral Peo-ples case with respect to the L'Hote case.

by plaintiff, Esteves was standing on the dock painting the side of the vessel when injured, and it was held when he took his stand upon the dock, although he was painting the ship, he was under the Law of Puerto Rico as respect injuries to him.

Plaintiff contends that in the Admiral Peoples case and others cited above as supporting the view that plaintiff's accident is maritime, the suit was based on some completed act of negligence committed on the ship, on navigable waters, while here there are no such acts of negligence alleged, and that plaintiff's accident is, therefore, not maritime. I do not think this contention is meritorious.

From what has been said, it follows that defendant's motion to dismiss must be sustained, and plaintiff's suit dismissed.

Let an order be presented accordingly.