**LUCKENBACH S. S. CO., Inc., v. NORTON, Deputy Commissioner, et al.**

Civ. A. No. 2390.

District Court, E. D. Pennsylvania.

Feb. 16, 1944.

George F. Blewett, of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., and J. Barton Rettew, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for defendant Augustus P. Norton.

KALODNER, District Judge.

This is a motion to dismiss a bill of complaint in equity filed by the employer seeking to restrain the enforcing of an award of compensation made by the defendant Norton, Deputy Commissioner of the Third Compensation District of the United States Employees' Compensation Commission, in favor of the defendant Glover, the employee.

Relief is sought on the ground that the award of the Deputy Commissioner is not supported by competent evidence. Specifically, the Deputy Commissioner found that there was partial disability for a period from February 8 to April 25, 1941 resulting from a head injury accidentally sustained by the defendant Glover on January 10, 1941. Glover, while working as a longshoreman in the hold of a vessel, was struck on the back of the head by a cargo sleigh causing, according to the Deputy Commissioner's finding, "hematoma of scalp and cerebral concussion". Glover was confined to the hospital from January 10, 1941, the date of the injury, until January 22d, a period of twelve days and he was then discharged with a diagnosis of mild cerebral concussion and hematoma of scalp. The Deputy Commissioner made a finding that Glover was totally disabled for four weeks succeeding the date of the injury, that is from January 11th to February 7, 1941, and that he was partially disabled for the succeeding period of eleven weeks from February 8th to April 25, 1941.

The plaintiff urges here that the finding of partial disability was erroneous in view of the fact that Glover worked at various times "when work was available" during the months of February, March and April.

The original award was made by the Deputy Commissioner on December 24, 1941. The employer filed an application for review and after further hearing on January 19, 1942, the Deputy Commissioner, on January 27, 1942, filed an opinion affirming his earlier finding and ordered the application for review be rejected "on the ground that no mistake in the finding of fact was made in the previous order." At the hearing on January 19, 1942 testimony was taken of a physician who had treated Glover in the hospital.

In my opinion the motion to dismiss must be granted. This Court is not a fact-finding body in compensation cases. It is true that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., has been construed, in Crowell v. Benson, 285 U.S. 22, 54, 52 S.Ct. 285, 76 L.Ed. 598, to empower the District Court upon petition to try certain fundamental and jurisdictional issues; but since no such application has been made in this case, the duty of the District Court is limited to determining whether the findings of the Deputy Commissioner are supported by the evidence. Georgia Casualty Co. v. Hoage, 61 App.D.C. 195, 59 F.2d 870; Lowe et al. v. Central Railroad Company of New Jersey, 3 Cir., 113 F.2d 413. In the Lowe case the Court said, at page 415 of 113 F.2d: " * * * Where the evidence permits an inference either way the deputy commissioner alone is empowered to draw the inference; his decision as to the weight of the evidence is conclusive. * * * "

It is well settled that the District Court, in reviewing the finding of a Deputy Commissioner, is "precluded from weighing the evidence, being required to examine the record and ascertain whether there was any evidence to support the commissioner's finding". South Chicago Coal & Dock Co. et al v. Bassett, Deputy Commissioner, etc., 309 U.S. 251, 60 S.Ct. 544, 546, 84 L.Ed. 732; Crowell v. Benson, supra. In the latter case it was held that a Deputy Commissioner's finding of fact, if there was evidence to support it, was "conclusive", and that it was the duty of the District Court to ascertain whether it was so supported, and if so, to give the finding effect without a retrial. See also Del Vecchio v. Bowers, 296 U.S. 280, 287, 56 S.Ct. 190, 80 L.Ed. 229; The Admiral Peoples, 295 U.S. 649, 653, 55 S.Ct. 885,

79 L.Ed. 1633; Voehl v. Indemnity Insurance Co., 288 U.S. 162, 166, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; L'Hote v. Crowell, 286 U.S. 528, 52 S.Ct. 499, 86 L.Ed. 1270, and Ryan Stevedoring Company, Inc., et al. v. Henderson et al., 5 Cir., 138 F.2d 348, the most recently reported decision touching upon the subject.

The entire record is before me. Since that record, upon examination, is seen to afford ample support for the finding and award of the Deputy Commissioner, no useful purpose can be served by allowing further proceedings upon the complaint. The motion to dismiss is therefore granted.