**DAVIS v. AMERICAN PRESIDENT LINES,**
**Limited, et al.**

**AMERICAN PRESIDENT LINES,**
**Limited, v. UNITED STATES**
**(two cases).**

**MATTISON v. AMERICAN PRESIDENT**
**LINES, Limited, et al.**

United States District Court
N. D. California, S. D.

April 11, 1952.

Gladstein, Andersen, Resner & Sawyer, George R. Andersen, San Francisco, Cal., for plaintiffs.

Treadwell & Laughlin, Edward F. Treadwell, Reginald S. Laughlin, San Francisco, Cal. (Charles M. Haid, Jr., San Francisco, Cal., of counsel), for American President Lines and others.

Chauncey Tramutolo, U. S. Atty., Keith R. Ferguson and C. E. Lundin, Jr., Sp. Assts. to the Atty. Gen., for the United States

GOODMAN, District Judge.

At their inception these actions were suits under the Jones Act, 46 U.S.C.A. § 688, by two seamen, Davis and Mattison to recover maintenance and damages from the American President Lines for injuries suffered when the gangway of the S.S. General W. H. Gordon slipped off a wharf at Guam and dropped Davis and Mattison onto a camel between the wharf and ship side. American President Lines filed third-party complaints against the United States whose employees allegedly controlled the wharf and set the gangway in place. Subsequently, American President Lines settled with the plaintiffs, Davis and Mattison, and their suits were dismissed. Now the United States seeks dismissal of the third-party complaints on the ground that American President Lines has no right of indemnity against the United States.

█ The third-party complaints are within the admiralty jurisdiction and are governed by the general maritime law of the United States. The Admiral Peoples, 1935, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633; The Shangho, 9 Cir., 1937, 88 F.2d 42; Ford v. Parker, D.C.Md.1943, 52 F. Supp. 98. Both the common law and admiralty courts have recognized a right to indemnity, as distinguished from contribution, in a person who has responded in damages for a loss caused by the wrong of another. This right has been recognized in two general classes of cases: those in which the person seeking indemnification was without fault; and those in which such person was passively negligent, but the primary cause of the loss was the active negligence of another. See Union Stock Yards Co. v. Chicago, Burlington and Quincy Railroad Co., 1905, 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453, and cases cited therein; United States v. Rothschild International Stevedoring Co., 9 Cir., 1950, 183 F.2d 181; Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 Cir., 1929, 32 F.2d 182; Seaboard Stevedoring Corp. v. Sagadahoc S.S. Co., 9 Cir., 1929, 32 F.2d 886.

█ The recent decision of the Supreme Court in Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S.

282, 72 S.Ct. 277, negated the right of contribution between joint tort feasors in non-collision admiralty cases. See Union Sulphur and Oil Corp. v. W. J. Jones & Son, Inc., 9 Cir., 195 F.2d 93. If these are cases of concurrent negligence, Halcyon will prevent recovery on the third party complaints. If they are cases involving indemnity, a different issue is posed. In either event, the question cannot be determined in the pleading stage.

Consequently ruling on the motions to dismiss is reserved until the trial. The United States should file responsive pleadings in due course.