George **CANTEY**, Plaintiff,

v.

**FLENSBURGER DAMPFERCOMPAG-NIE HARALD SCHULDT & COMPA-NY,** Defendant and Third-Party Plaintiff,

v.

**LUCKENBACH STEAMSHIP COMPA-NY, Inc., d/b/a Heide Company,** Third-Party Defendant,

v.

**ALPHA CELLULOSE CORPORATION,** Fourth-Party Defendant.

Civ. No. 1479-A.

United States District Court,
E. D. North Carolina,
Wilmington Division.

Sept. 9, 1971.

A. A. Canoutas, Wilmington, N. C., and Breit, Rutter, Cohen, Ermlich & Friedman, Norfolk, Va., for plaintiff.

Rountree & Clark, Wilmington, N. C., for defendant and third-party plaintiff.

John F. Crossley, Wilmington, N. C., for third-party defendant.

Hogue, Hill & Jones, Wilmington, N. C., for fourth-party defendant.

## MEMORANDUM AND ORDER

CRAVEN, Circuit Judge:[1]

The plaintiff, George Canty, filed an action against the defendant shipowner for injuries sustained while loading cargo on defendant's vessel, especially denoting his claim as an admiralty or maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure. The defendant shipowner impleaded the stevedoring company pursuant to Rule 14(c), likewise denoting his third-party claim as an admiralty claim under Rule 9(h). Thereafter both the shipowner and the stevedoring company impleaded fourth-party defendant Alpha Cellulose Corporation pursuant to Rule 14(c), again denoting their respective claims as arising under Rule 9(h), each seeking indemnity on the theory that a defective band around a bale of cotton linter pulp broke and proximately caused the injury to the plaintiff.

The third-party stevedore defendant made an untimely request for a jury trial. The fourth-party defendant (Alpha Cellulose) made a timely demand for a jury trial with respect to the claims over against the stevedore and shipowner. The question for decision is whether Alpha Cellulose is entitled to a jury trial.

1. Sitting by designation as a district judge in the Eastern District of North Carolina.

For the reasons set out below I conclude that Rules 9(h) and 38(e) of the Federal Rules of Civil Procedure preclude a jury trial. The claims for indemnity asserted by the shipowner and stevedore are within the admiralty jurisdiction of the district court. By bringing their claims as admiralty claims under Rule 9(h), they have precluded Alpha Cellulose from having a jury.

When the admiralty and civil rules were unified in 1966, Rule 9(h) was added providing, *inter alia*, that a claim for relief within the admiralty and maritime jurisdiction and also within the jurisdiction of the district court on other grounds could be identified as an admiralty or maritime claim for the purposes of Rule 38(e).[2] Rule 38(e) in turn provides that, "[T]hese rules shall not be construed to create a right to a trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." In addition, Rule 14(c) was added providing for impleader in maritime cases.[3]

Alpha Cellulose insists that the claims for indemnity are actually common law claims and its right to a jury trial is not foreclosed by Rules 9(h) and 38(e). I disagree. See Banks v. Hanover Steamship Corp., 43 F.R.D. 374, 381–382 n.9 (D.Md.1967). The arguments for the right to a jury trial under these circumstances were examined at length in McCann v. Falgout Boat Co., 44 F.R.D. 34, 43–44 (S.D.Texas 1968), where the court concluded that the Supreme Court had "acquiesced to the tradition of not allowing a jury trial if the federal court's jurisdiction is founded upon the admiralty and maritime nature of the suit" when they passed on the unified rules in 1966.

I find the reasoning of the court in *McCann, supra,* persuasive, and I agree that if a claim is properly identified as an admiralty claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure the defendant has no right to a jury trial even though the claim against him arises by way of impleader. That Alpha Cellulose is a fourth-party defendant and thus one more step removed from the plaintiff than in *Banks* and *McCann* does not seem to me to justify a different rule. Nor is it important, I think, that the claims against the fourth-party defendant here are distinctly different from that dismissed by the court in *McCann*. In *McCann* a claim for indemnity against a doctor for allegedly negligently contributing to the injury of the seaman plaintiff was dismissed as being improperly impleaded because it was not a maritime claim, notwithstanding the fact that the claim, if proved, might entitle the defendant to recover over against the doctor. In deciding that a third-party defendant properly impleaded under Rule 14(c) was not entitled to a jury trial, the court took pains to examine the constitutional issue involved. It concluded that when the claim for indemnity fell outside the admiralty jurisdiction, the impleader was improper because, unlike the

---

2. "Admiralty and maritime claims. A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15."
Rule 9(h), Fed.R.Civ.P.

3. "Admiralty and Maritime Claims. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences."
Rule 14(c), Fed.R.Civ.P.

rest of Rule 14, the newly added 14(c) was supposed to be patterned after old Admiralty Rule 56, which did not allow impleader when the claim fell outside the admiralty jurisdiction and there was no other basis for federal jurisdiction asserted. *McCann, supra* at 41–42.

Here the claims of the shipowner and stevedore arise from occurrences on board ship, *i. e.*, the allegedly defective band around the bale causing the injury to the plaintiff, and are therefore claims within the admiralty jurisdiction of the district court, since in cases of tort, jurisdiction depends on the place of the injury. The Admiral Peoples, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633 (1935).

Since it appears that the fourth-party defendant was properly impleaded and Rule 9(h) properly invoked, there is no right to a jury trial and the fourth-party defendant's motion for a jury trial is

Denied.

The untimely motion of the stevedore for jury trial is also

Denied.

See also 5 Cir., 433 F.2d 117.