Nancy **BESSEY** and Sheryl Hughes, Plaintiffs,

v.

**CARNIVAL CRUISE LINES, a Florida corporation, and Miami–Dade County, a political subdivision of the State of Florida, Defendants.**

No. 07–23242–CIV.

United States District Court, S.D. Florida.

Sept. 15, 2008.

David Franklin Baron, Baron & Herskowitz P.A., Miami, FL, for Plaintiffs.

John Michael Magee, Carnival Cruise Lines, Michael Brian Nadler, Wifredo Antonio Ferrer, Miami–Dade County Attorney's Office, Miami, FL, for Defendants.

## ORDER

BARRY L. GARBER, United States Magistrate Judge.

THIS CAUSE is before the Court by reference from United States District Judge Joan A. Lenard and the parties' consent to the undersigned's entry of an Order regarding the defendant Miami–Dade County's Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 43]. The Court has also received the plaintiffs' response in opposition. A hearing was held on said Motion.

The moving defendant challenges this Court's subject matter jurisdiction, asserting that the alleged facts do not invoke this Court's admiralty jurisdiction. This Court agrees. The complaint asserts that the injuries allegedly suffered by the plaintiffs occurred on a gangway permanently attached to the Miami–Dade County's port; such fact is not in dispute.

 Clearly, tort injuries resulting from a fall from a gangplank extending outward from a ship was within the court's admiralty jurisdiction. *Kenward v. The Admiral Peoples*, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633 (1935). Such holding recognized that "gangplanks" and "gangways" were part of the ship, traveled with the ship, and extended from the ship to the dock. Subsequently, however, the Supreme Court established a two-part jurisdictional test. *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U.S. 249, 255–62, 93 S.Ct. 493, 34 L.Ed.2d 454. Such test required the party asserting admiralty jurisdiction over a tort claim must satisfy conditions regarding location and connection with maritime activity. The locality portion of the test requires a determination whether "the tort occurred on navigable water or whether the injury suffered on land was caused by a vessel on navigable water." *Executive Jet*, 409 U.S. at 255, 93 S.Ct. 493; *Grubart v. Great Lakes Dredge & Dock Co., et al.* 513 U.S. 527, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995).

 Here, the gangway on which passengers boarded or disembarked was permanently affixed to the Port of Miami. This Court, as to such facts, is persuaded by the ruling in *Dobrovich v. Hotchkiss & A.K. Hotchkiss, Inc.*, 14 F.Supp.2d 232 (D.Conn.1998), wherein the District Court held that "it is clear that structures such as piers and docks permanently affixed to land are extensions of the land and are not navigable waters. This is true even when the pier or dock extends onto or over navigable waters." Such is the case in the cause *sub judice*. Numerous federal courts have so held. *See, Whitcombe v. Stevedoring Services of America*, 2 F.3d 312 (9th Cir.1993); *Parker v. South Louisiana Contractors, Inc.*, 537 F.2d 113 (5th Cir.1976).

Accordingly, the Court finds that this Court does not have admiralty jurisdiction as to plaintiff's claims against Miami–Dade County. Therefore, it is hereby

ORDERED that the defendant Miami–Dade County's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED WITHOUT PREJUDICE. Plaintiff may filed an Amended Complaint on or

before ten (10) days from the date of this Order.